JINKS et al. v. HODGE, Chief of Police.
Civ. No. 633.

United States District Court
E. D. Tennessee, N. E. D.

Jan. 11, 1951.

Robert S. Cahoon, Atlanta, Ga. for plaintiffs.

Ernest R. Taylor, Morristown, Tenn. for defendant.

DARR, Chief Judge.

The issue to determine is upon the defendant's motion to dismiss. A number of grounds are given but all are encompassed in the first, which is that the complaint fails to state a claim against the defendant upon which relief can be granted.

The plaintiffs' suit seeks an injunction and also is in tort. The jurisdiction of the court claimed and the remedy sought are upon that portion of the Civil Rights Acts codified in Title 8 U.S.C.A. §§ 43 and 47, and in addition the law found at sec. 1343 of Title 28 U.S.C.

The plaintiffs are members of the Textile Workers Union of America, CIO, unincorporated, who sue on behalf of themselves and other members of this Union, presumably, though not clearly stated, those members who are employees of the American Enka Corporation.

The defendant is and has been the Chief of Police of Morristown, Tennessee.

The action purports to be a class suit under Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C.A. So far as the action seeks an injunction, this suit may be considered a class action. An analysis of the complaint with the attendant conditions causes the Court to conclude that the complaint should be dismissed in so far as it seeks an injunction.

1. There is no showing that plaintiffs do not have an adequate remedy at law— in fact the plaintiffs use the same allegations as a basis for a legal remedy.

2. The complaint does not specify or particularize any acts, or the time or place where they were committed as would justify injunctive relief.

3. By statements in open court and by judicial knowledge, the fact is that the strike involving plaintiffs and the American Enka Corporation, this being the basis of the matters in suit, has been settled and the question of injunction is moot and there is nothing to inhibit *in futuro*.

That part of the causes of action seeking damages for tort based upon the violation of the Civil Rights Acts is not a true class action. If a class action at all, it is what Professor Moore in his Federal Practice calls a Spurious Class Suit, which is a permissive joinder device. This is based upon Rule 23(a) (3).

No persons other than the named plaintiffs have intervened and this leaves the suit solely by the named plaintiffs.

The named plaintiffs do have a question of law or fact common to others similarly situated but the right of each is distinct. The suit based upon this portion of the Civil Rights Acts, which finds life from the First Section of the Fourteenth Amendment, unquestionably gives a personal right of action to a citizen of the United States. Therefore, the complaint is entirely insufficient for the relief claimed.

1. The complaint does not specify any particular acts showing either the intention to wilfully and purposely deprive each individual plaintiff of a right guaranteed by the United States Constitution or laws, or to wilfully and purposely deprive each of them personally of the equal protection of the law. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497.

2. The complaint fails to particularize how each plaintiff was injured whereby he is entitled to damages.

3. The complaint wholly fails to set out the amount of damages each plaintiff is entitled to recover.

For the reasons stated the complaint is dismissed at plaintiffs' cost.

Order accordingly.