Geneva **TRACY**, Victoria De Lee, Anna William, Ollie Mae Utsey, Dianne Grant, by her mother and next friend, Laureen Grant, Edna De Lee, by her mother and next friend, Cora Lee De Lee, James Lemon, by his mother and next friend, Beatrice Lemon, on their own behalf and on behalf of all other similarly situated, Plaintiffs,

v.

Jack W. **ROBBINS**, individually and as Chief of Police of the Town of St. George, W. Duncan Horne, individually and as Mayor of the Town of St. George, J. Wilson Patrick, individually and as Town Attorney for the Town of St. George, and their agents, successors, employees, subordinates and attorneys, Defendants.

Civ. A. No. 8781.

United States District Court
D. South Carolina,
Charleston Division.

April 13, 1966.

Henry M. di Suvero, New York City, and Russell Brown, Charleston, S. C., for plaintiffs.

Sidney B. Jones, Jr., of Walker, Walker & Jenkins, Summerville, S. C., and Ben Scott Whaley, of Barnwell, Whaley, Stevenson & Patterson, Charleston, S. C., for defendants.

HEMPHILL, District Judge.

Defendants here move for dismissal of the complaint on grounds that the complaint fails to state sufficient grounds upon which relief can be granted, and further that the complaint does not state all causes of action separately, does not present a clear and concise statement of the facts relied upon, and that the verification does not meet the standards required by the Federal Rules of Civil Procedure.

Alternatively, defendants move to strike certain allegations of the complaint on various asserted grounds.

Plaintiffs filed complaint in 1965 naming as defendants Jack W. Robbins, "individually and in his official capacity as Chief of Police" of the Town of St. George; W. Duncan Horne, "individually and in his official capacity as Mayor"; and J. Wilson Patrick, "individually and in his official capacity as Town Attorney." Jurisdiction of the court was invoked under 42 U.S.C. sections 1981, 1983, 1985, and 1988 and 28 U.S.C. sections 1343, 2201 and 2202.

Paragraph three of the complaint avers that plaintiffs are citizens of the United States, Dorchester County, South Carolina, and, some, of the Town of St. George, who are "actively engaged in lawful and peaceful activities aimed at securing to members of the Negro race * * * the full enjoyment of rights granted by the Constitution and laws of the United States," and that they sue "individually and on behalf of all other residents of St. George who have been similarly engaged in civil rights activities * * * pursuant to Rule 23(a) (3) because there are common questions of law and fact affecting all members of the class, and because *common relief is sought.*" [Emphasis added]

Plaintiffs submit the complaint is directed only to alleged deprivations by the defendant officers of the Town of St. George of the plaintiffs' rights of free speech, petition, and assembly secured to them as citizens by the First and Fourteenth Amendments of the Constitution of the United States.

From the profusion and editorial confusion of factual allegations the propriety of which will be faced later it is discernible that the infringement of constitutional rights is alleged to have occurred during a Congress-of-Racial-Equality sponsored picketing demonstration on the streets of St. George during

which the defendant officials were responsible for certain alleged actions and arrests made to the end of enforcing a municipal ordinance controlling picketing and demonstrating in the town. Four of the plaintiffs were arrested for violations of the ordinance. Two cases were dismissed; the other two resulted in conviction and fine in the municipal court over which the defendant Horne presided as judge.

Plaintiffs allege that unless the court declares the picketing ordinance unconstitutional and enjoins its enforcement that their constitutional rights will continue to be denied.

▆ The prayer consists of ten specific requests for relief including preliminary injunction, temporary restraining order, permanent injunction, with measures for continuing enforcement of such orders on defendants' successors, and an ad damnum for damages resulting from the alleged unlawful acts of defendants Robbins and Horne in the amount of $50,000 each. Mindful of the wide latitude and liberality to be afforded pleading under the Federal Rules of Civil Procedure, this court must, in considering defendants' motions, weigh carefully the severity of consequences in granting the motion to dismiss. In ruling on motion to dismiss the pleading must be construed in a manner most favorable to the party against whom the motion is made,[1] and unless there is no doubt as to the result the case should be disposed of upon hearing on the merits.[2]

Defendants submit by motion that the complaint is defective in its verification. It is signed by the attorney purportedly "on behalf of the plaintiffs because the * * * complaint deals chiefly with matters of law and legal inference from facts alleged and/or of which I as an attorney have more knowledge than the plaintiff" and attests that the contents of the complaint are true to his "own personal knowledge" or are "supported by signed statements or are stated on information and belief." The objection made is that the basis given for his signature falls short of the requirement that an attorney's signature be equivalent to a certificate of merit and good faith. Rule 11 of the Federal Rules of Civil Procedure provides that "[e]xcept when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." Further, that the attorney's certificate need only be based on the "best of his knowledge, information, and belief there is good ground to support it." Rule 65 (b) provides in effect that no temporary restraining order shall be granted without notice unless immediate and irreparable injury, loss or damage be clearly shown from facts set forth by affidavit or by verified complaint. If the verification, or the discrepancies or errors therein, are the result of ignorance, they will not be charged against plaintiffs who had to depend on whatever counsel they could get.

▆ The lack of verification or a defective verification should not be, and is not, fatal to the complaint merely because a temporary restraining order is sought in conjunction with other forms of relief. No temporary restraining order having been issued here, and actual notice of motion having been received, the application for such order is subject to no further special procedural requirements.[3]

▆ There appears no doubt, however, that the complaint insofar as it applies to defendants Horne and Patrick does

---

1. Walker Distributing Co. v. Lucky Lager Brewing Co., 323 F.2d 1 (9th Cir. 1963).

2. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Sidebotham v. Robison, 216 F.2d 816 (9th Cir. 1954).

3. See 3 Barron & Holtzoff, Federal Practice & Procedure § 1432 (Wright's ed. 1958).

not allege any matter which would except these defendants from the well settled immunity of judges [4] and quasi-judicial officers [5] from suit arising out of their conduct in the performance of their official duties. This doctrine also extends to conspiracy actions under 42 U.S.C. section 1985.[6]

Inasmuch as the complaint sues defendant Horne in his official capacity, alleging acts performed by him as the presiding judge of the municipal court,[7] and defendant Patrick in his official capacity as Town Attorney, alleging acts performed by him in discharge of his official duties,[8] the complaint must be dismissed as to these defendants on the grounds that no claim has been stated upon which relief can be granted.

Judicial immunity does not, however, extend to law enforcement officers [9] except perhaps in the narrow area of activity where they are only performing orders issued by the court.[10] The motion to dismiss therefore cannot be granted on this ground as to defendant Robbins.

The remaining grounds on which the motion to dismiss is based are that the complaint does not separately state the causes of action, and does not contain a short, clear, and concise statement of the claim. Federal Rule of Civil Procedure 10(b) states that "[e]ach claim founded upon a separate transaction or occurrence * * * shall be stated in a separate count * * * whenever a separation facilitates the clear presentation of the matters set forth."

Plaintiffs submit by answer to defendants motion that there is but one cause of action here pursued, and at hearing on the motion plaintiff's counsel responded:

THE COURT: What is your cause of action?

MR. diSUVERO: Our cause of action is that by the passage of the ordinance which is described in Exhibit A and by the several acts which have been conducted against the picketeers in the Town of St. George plaintiffs and a class that they represent have been denied their 1st and 14th Amendments rights to free speech and to free assembly. And it is that cause of action which we assert, and none other.

The court is constrained to find that if that be the intention of plaintiff the complaint fails of the requirement that a claim shall be set forth in "a short and plain statement," [11] and that each averment shall be "simple, concise and direct." [12]

Jurisdiction of the court was invoked under 42 U.S.C. §§ 1983 and 1985 among others. Section 1983 is entitled *Civil Action for deprivation of rights*. Section 1985 is entitled *Conspiracy to interfere with civil rights—Preventing officer from performing duties*. Certainly

---

4. E.g., Haldane v. Chagnon, 345 F.2d 601 (9th Cir. 1965); Rhodes v. Meyer, 334 F.2d 709 (8th Cir. 1964) cert. denied 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964); Agnew v. Moody, 330 F.2d 868 (9th Cir. 1964) cert. denied 379 U.S. 867, 85 S.Ct. 137, 13 L.Ed.2d 70 (1964); Rhodes v. Houston, 202 F.Supp. 624 (D.C.Neb.1962) aff'd per curiam, 309 F.2d 959 (8th Cir. 1962), cert. denied 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719 (1963).

5. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). See cases cited note 4 supra.

6. See Agnew v. Moody, 330 F.2d 868 (9th Cir. 1964) cert. denied 379 U.S. 867, 83

S.Ct. 137 (1964) and cases cited therein.

7. Paragraph 9 of the Complaint.

8. Paragraphs 4 and 9 of the Complaint.

9. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

10. See Rhodes v. Houston, 202 F.Supp. 624, 636 (D.C.Neb.1962) and cases cited therein.

11. Fed.R.Civ.Pro. 8(a).

12. Fed.R.Civ.Pro. 8(e). See Barron & Holtzoff, Federal Practice and Procedure § 255 (1960).

if plaintiffs are pleading conspiracy, and it is in no other way evident, such would constitute a separate cause of action from a claim of deprivation of rights under color of law under section 1983. The complaint at best, has the appearance of a groping after a plausible excuse for according preferential treatment to some class.

Plaintiffs have further appended to their claims for equitable relief a claim for damages against the (remaining) defendant Robbins. The complaint does not reveal what general damages were sustained as a result of defendants acts nor does it allege special damages, which must be pleaded.[13] In a claim for the violation of constitutionally guaranteed rights damages are recoverable,[14] nominal damages may be presumed,[15] and such may in appropriate circumstances support an award of exemplary damages.[16]

However, plaintiffs here by their plea sue as a class "because of common questions of law and fact," and seek "common relief."[17] This type of action so far as it seeks damages in tort would properly be characterized as "spurious."[18] While there may be common questions of law and fact involved, the rights of members of the class are several and the action is but an invitation for all similarly situated, on whose behalf the suit is brought, to come in to enforce and protect those individual rights.[19]

The rights being distinct and several each party must show the injury which entitles him to damages, and the extent of the damages to which he is entitled. See Jinks v. Hodge, 11 F.R.D. 346 (E.D.Tenn.1951).

The fact that counsel may have attempted to present these claims under a misconceived legal theory does not work a forfeiture of these rights. The broad purpose of the adoption of the Federal Rules was well expressed in New Amsterdam Cas. Co. v. Waller, 323 F.2d 20 (4th Cir. 1963).

---

13. Fed.R.Civ.Pro. 9(g); 25 C.J.S. Damages § 131(c) (1966).

14. E.g., Flemming v. South Carolina Elec. & Gas Co., 224 F.2d 752 (4th Cir. 1955) appeal dismissed 351 U.S. 901, 76 S.Ct. 692, 100 L.Ed. 1439 (1956).

15. Basista v. Weir, 340 F.2d 74 (3rd Cir. 1965).

16. Id. at 87.

17. "Common relief" under Rule 23(a) (3) is interpreted at 3 Moore's Federal Practice § 23.10(3) [6] as meaning that "all members of the class must seek or be entitled to the same kind of relief, i. e., injunctive relief, damages * * *; one member of the class could not seek damages, another specific performance, another injunctive relief." "Common relief" means "emanating from the same original source, either by way of grant, contract, tort or statute where the claims for beneficiaries flow from the same fountain but are allowed not in a joint judgment but in several judgments." Kainz v. Anheuser-Busch, Inc., 194 F.2d 737, 743, (7th Cir. 1952) cert. denied 344 U.S. 820, 73 S.Ct. 17, 97 L.Ed. 638 (1952). See also cases cited note 19 infra.

18. Jinks v. Hodge, 11 F.R.D. 346 (E.D. Tenn.1951). See 3 Moore's Federal Practice § 23.03 n. 9 and § 23.10.(3) (2nd ed. 1964); 2 Barron & Holtzoff, Federal Practice & Procedure § 562.3 (Wright ed. 1961).

19. See e. g., Hurd v. Illinois Bell Tel. Co., 136 F.Supp. 125 (N.D.Ill.1955) aff'd 234 F.2d 942 (7th Cir. 1956) cert. denied Seybold v. Western Elec. Co., 352 U.S. 918, 77 S.Ct. 216, 1 L.Ed.2d 124 (1956) reh. denied 352 U.S. 977, 77 S.Ct. 352, 1 L.Ed.2d 329 (1957); Kainz v. Anheuser-Busch, Inc., 194 F.2d 737 (7th Cir. 1952) cert. denied, 344 U.S. 820, 73 S.Ct. 17 (1952); McGrath v. Todoyasu Abo, 186 F.2d 766 (9th Cir. 1951) cert. denied 342 U.S. 832, 72 S.Ct. 38, 96 L.Ed. 629 (1951); Oppenheimer v. F. J. Young & Co., 144 F.2d 387, 390 (2nd Cir. 1944); Weeks v. Bareco Oil Co., 125 F.2d 84 (7th Cir. 1941); P. W. Husserl, Inc. v. Newman, 25 F.R.D. 264 (S.C.N.Y.1960); Athas v. Day, 186 F.Supp. 385 (D.C.Colo. 1960), 161 F.Supp. 916 (D.C.Colo.1958); Jinks v. Hodge, 11 F.R.D. 346 (E.D. Tenn.1951).

They were designed for the protection of the diligent litigant who has a just cause, but who, during some stage of the proceedings, misconceived the nature of his cause or mistook his remedy. In this day, a party ought not and does not lose his right when his counsel, however formally, advances an erroneous legal theory. At 25.

If a just cause exists in fact, fair opportunity for presenting them to the court should not be lost.

There are allegations pertaining to certain individuals who are party to the suit which *may, if properly plead and proved,* entitle those interests to vindication by way of damages, depending upon the findings of the court or jury.

The court has wide powers of discretion under the liberal philosophy of pleading under the Federal Rules. When the interest of justice so requires the court may grant leave to amend the complaint.[20] The interests of justice would be so served in this instance.

Therefore defendants' motion to dismiss is granted as to defendants Horne and Patrick for as to them no claim has been stated upon which relief can be granted. Defendants' motion to dismiss on the grounds that the complaint fails to state separately the causes of action is also granted to be effective only at the expiration of twenty days from the date of this Order during which time this court expressly retains jurisdiction and grants leave to plaintiffs within that period to amend the complaint to conform to the rules and form of pleading. Plaintiffs may pursue, within the time allowed, their individual or collective request for injunction, if they be so advised. Every means will be exhausted to give them, and each of them, their "day in court". At such time defendants may then respond by motions appropriate and well found in the amended complaint.

And it is so ordered.

20. Fed.R.Civ.Pro. 15(a).