**Frances T. HONG, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20788.**

United States Court of Appeals
Ninth Circuit.

June 20, 1966.

---

12. We are, of course assuming that the consumption, if it be such, was something that had to be paid for by the contractor.

Norman K. Chung, Dick Yin Wong, Honolulu, Hawaii, for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Jerome Fink, J. Edward Shillingburg, Attys., U. S. Dept. of Justice, Washington, D. C., Herman T. F. Lum, U. S. Atty., Peter A. Donahoe, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before HAMLEY, JERTBERG and ELY, Circuit Judges.

JERTBERG, Circuit Judge:

Before us is an appeal by Frances T. Hong, plaintiff below and appellant here, hereinafter "Taxpayer", in an action for recovery of manufacturers' excise taxes alleged to have been overpaid for the years 1955–60, inclusive. The taxes in question were assessed against, and paid

by, taxpayer doing business as Musical Sales Company, on the determination by the Commissioner that some of the uli-ulis manufactured by taxpayer were "musical instruments" within the meaning of § 4151 Internal Revenue Code of 1954 [26 U.S.C.A. 1958 ed., § 4151],[1] and the regulations promulgated thereunder, Excise Tax Regulations § 40.4151–1(c).

Section 4151 provided:

"There is hereby imposed upon the sale of musical instruments by the manufacturer, producer, or importer a tax equivalent to 10 percent of the price for which so sold."

The Treasury regulations on Manufacturers and Retailers Excise Tax (1954 Code) Section 40.4151–1(c) provides:

"SEC. 40.4151–1 *Imposition and rate of tax.*

\* \* \* \* \* \*

"(c) *Definition of musical instruments.* The term 'musical instruments' includes all wind, reed, string, percussion or electronic instruments used to produce music, including but not limited to all types of pianos and organs, trombones, saxophones, violins, drums, xylophones, chimes, cymbals, bongos, castanets, maracas, claves, etc. The term does not include articles in the nature of toys or novelties which simulate musical instruments and which are unsuitable for use in playing musical compositions or in teaching music."
(26 C.F.R., Sec. 40.4151–1.)

Section 48.4151–1(d) of Treasury Regulations on Manufacturers and Retailers Excise Tax (1954 Code), effective for the taxable years 1959–1960, is identical.

The instrument here involved—called uli-ulis,—are polished gourds, partially filled with seeds, attached to a handle and adorned with dyed feathers.

The District Court, sitting without a jury, after hearing testimony and viewing the demonstrations, held that the uli-ulis in question were musical instruments subject to tax.

[1] The excise tax on musical instruments was repealed, effective June 22, 1965, by

Section 204 of the Excise Tax Reduction Act of 1965, P.L. 89–44, 79 Stat. 136.

On appeal the taxpayer contends that the District Court erred in that:

(1) its determination that uli-ulis are musical instruments within the meaning of the statute and the regulations is contrary to the evidence;

(2) it applied an erroneous standard to the facts; and

(3) it erroneously admitted evidence of the historical use and background of the uli-uli in Hawaii.

The taxpayer's evidence consisted of the testimony of four witnesses and three exhibits.[2]

The taxpayer's husband testified that the taxpayer made three sizes of uli-ulis in the factory, and that only the larger, more expensive ones were taxed. The third type which was smaller and of cheaper construction, and which was designed for sale as "tourist souvenirs" was not taxed. He further testified that he had never seen an uli-uli played, and had only seen it in conjunction with the hula dance. He further stated that the uli-uli was a "hula implement", and that its purpose was to produce sound.

A bandmaster of twenty-six years experience testified that as a musician he was not familiar with uli-ulis; had seen them used by hula dancers but never by musicians; did not know of any musical scores in which they were used; had never conducted an arrangement in which they were used, and had never heard of any musical composition or score in which they were used; and had never seen a performer in a legitimate musical organization play them. He further stated that maracas could be similar in size and appearance to the uli-ulis in evidence; that castanets were musical instruments which were used by dancers as well as by members of an orchestra; that they produced the same rhythmical sound when used by a dancer or by a percussionist in an orchestra, and that what the uli-ulis produced was a rhythmical sound.

A dance orchestra leader of long experience in music testified that he had seen uli-ulis used by dancers but never by musicians, or used in the rendition of a musical composition, and had never seen a score or an arrangement in which the uli-uli was used as a musical instrument. He further testified that he regarded maracas as musical instruments, and that absent the feathers, uli-ulis would look like maracas and that whether it was a musical instrument depended upon how it was used.

A retired bandmaster, of many years experience as a conductor, testified that uli-ulis are never used in the rendition of musical compositions; that he had never heard of an orchestra, the musicians of which used uli-ulis; and that he knew of no musical compositions or scores in which an uli-uli was used. He further testified that castanets and tambourines—both of which are used by dancers,—were musical instruments.

The appellee produced five witnesses and introduced two exhibits.[3]

A musician of long experience and a band leader testified that a member of his band played the uli-uli in a composition called "E li li'u e" or "Queen's Chant"; and that he had recorded this piece. A recording of it was played for the District Court. He further testified that aside from that particular recorded arrangement he had never used the uli-uli on any other musical compositions, recorded or unrecorded, and that he knew of no other group which used the uli-uli in the rendition of a musical composition; and that the uli-uli had a distinctive timbre; that uli-ulis and maracas were both of the "gourd family" and were quite similar.

An assistant in Anthropology at the Bishop Museum, over the objections of appellant, testified to a study relating to

---

2. Exhibits 1 and 2 were two uli-ulis of the kind taxed; Exhibit 3 is a list of jobbers, wholesalers, and retail stores to whom the taxpayer sold uli-ulis.

3. Exhibit "A" was a copy of sheet music for "Hula Uli Uli" or "Alekoki", a composition for the uli-uli. Exhibit "B" was a phonograph record containing a piece utilizing a uli-uli.

the music of Old Hawaii. This study classified the uli-uli as a musical instrument. She further testified that during the period 1955 through 1960, the uli-uli was for the most part used by dancers for rhythmical accompaniment and also by a small number of chanters. Over objections of appellant she also testified that a book entitled "Ancient Hawaiian Music" contained scores for the uli-uli for Old Hawaii.

An instructor in music at the University of Hawaii testified that she considered the uli-uli to be a musical instrument. She stated that it was capable of providing different rhythmical sounds or patterns, and that the uli-uli is a percussive instrument of indefinite pitch; and that a bamboo split on one end, which is struck by dancers, would be classified as a musical instrument. She further testified she was not familiar with any musical scores done in Hawaii which included a score for the uli-uli. She further testified that the uli-uli was used primarily by dancers but that on one occasion she had a group of children record a chant using uli-ulis.

A hula and musical instructor formerly employed by the Department of Parks and Recreation testified that she considered the uli-uli to be a musical instrument; that other than the one musical composition found in appellee's Exhibit "A", she knew of no other written musical composition which called for use of an uli-uli; that there were many hulas which were performed in the kneeling position and in which the primary emphasis was placed on the uli-uli rather than on the movement of the body. This witness demonstrated a hula uli-uli and sang in Hawaiian at the hearing before the District Court.

A graduate student in ethnomusicology at the University of Hawaii, expressed the opinion that the uli-uli was a musical instrument; that it was suitable for performing musical compositions and of producing different rhythmical patterns; that it was similar, in a broad sense, to the maracas, and that she had observed that the uli-uli was used principally by hula dancers.

We recognize, as did the District Court, that the question before us is a close one. However, in view of the evidence before the District Court, including the demonstrations, we are unable to say that the finding of the District Court that uli-ulis are musical instruments is wholly erroneous, and in our view such finding is not contrary to the substantial weight of the evidence.

Under § 40.4151–1(c) of the Regulations, the statutory term "musical instruments" is defined as including all percussion instruments used to produce music, including but not limited to, among others, castanets and maracas. Appellant does not attack such definition, but contends that the District Court applied the wrong criteria to the facts before it, and that the District Court should have adopted the factors set forth in Revenue Rulings 62–44, 1962–1 Cum. Bull. 209, and 63–237, 1963–2 Cum.Bull. 509. In such rulings it is stated:

"In determining whether a particular article is a musical instrument, consideration is given to a variety of factors. Among them are the primary purposes for which the article is designed; the quality of construction of the article; whether it is a type ordinarily used in the rendition of musical compositions, either in solo presentation or in connection with other musical instruments, or whether it is adaptable for teaching proficiency in the use of musical instruments. In considering the last two factors it is not essential that the article used in musical rendition or instruction be of a professional standard or quality. The aforementioned factors are not all inclusive, and no one of them is determinative of the taxability of a particular article."

It is to be noted that the quoted provision requires consideration of a number of factors which are not all inclusive, and no one of them is determinative. The factors applicable to a given instrument and the relative weight to be accorded them by the trier of fact will vary from

instrument to instrument. The decision in a specific case is a matter of degree and judgment which is much better left to the District Court who has heard the witnesses and witnessed the demonstrations than for this Court to make an independent determination.

In further support of taxpayers' contention that the District Court applied the wrong criteria, our attention is called to the last sentence of § 40.4151–1(c), which states:

> "The term does not include articles in the nature of toys or novelties which simulate musical instruments and which are unsuitable for use in playing musical compositions or in teaching music."

■ The reference to musical compositions or to teaching music, in the Regulation, applies to the determination whether the article in question is a toy or novelty which simulates a musical instrument—an article having such limited design or construction that it cannot fulfill the function of the genuine instrument. In the context of this case the Regulations were applied when the Commissioner did not tax uli-ulis of an inferior quality and smaller size which were designed for sale as "tourist souvenirs" and which the Commissioner did not consider suitable for use in playing musical compositions or teaching music. We are in no position to say that the District Court applied the wrong criteria.

■ Appellant contends that the District Court erred in admitting evidence of the historical use and background of the uli-uli in Hawaii. We do not deem it necessary to determine whether the rulings of the Court in this respect constitute error for we are satisfied that the rulings do not constitute reversible error in light of all of the evidence and demonstrations before the District Court.

■ Taxpayer complains of several statements appearing in the District Court's "oral decision." Since the District Court made and entered formal and detailed findings of fact and conclusions of law, we are of the view that we need not, and should not, on this appeal, review such statements.

The judgment of the District Court is affirmed.