**Carolyn BRADLEY et al.,**

v.

**The SCHOOL BOARD OF the CITY OF RICHMOND, VIRGINIA, et al.**

Civ. A. No. 3353.

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 10, 1971.

See also D.C., 324 F.Supp. 456.

Norman J. Chachkin, New York City, Louis R. Lucas, Memphis, Tenn., M. Ralph Page, James R. Olphin, Richmond, Va., for plaintiffs.

George B. Little, John H. O'Brion, Jr., James K. Cluverius, for defendants Superintendent of Schools and School Board of the City of Richmond.

Andrew P. Miller, Atty. Gen. of Virginia, William G. Broaddus and D. Patrick Lacy, Jr., Asst. Attys. Gen., for defendants State Board of Education and Superintendent of Public Instruction.

Robert D. McIlwaine, III, Petersburg, Va; J. Mercer White, Jr., County Atty., for Henrico County, L. Paul Byrne, Richmond, Va., for defendants School Board and Board of Supervisors of Henrico County.

J. Segar Gravatt, Blackstone, Va., for defendant School Board of Chesterfield County.

Oliver D. Rudy, Commonwealth's Atty. for Chesterfield County, Frederick T. Gray, Walter E. Rogers, Richmond, Va., for Board of Supervisors of Chesterfield County.

Everette G. Allen, Jr., Richmond, Va., for intervenors Bellevue-Ginter Area Civic Ass'n, Robert Douglas Bain, and Sherwood Park Civic Ass'n.

Frederick T. Gray, Walter E. Rogers, Richmond, Va., for intervenors Noel Austin and others.

John S. Battle, Jr., William H. King, Jr., Richmond, Va., for intervenors Westover Hills Parent-Teachers Ass'n.

## MEMORANDUM

MERHIGE, District Judge.

Certain defendants herein have moved the Court to order them dismissed from the case in their individual capacities. These parties were added by order of December 5, 1970, and the relief sought from them was made specific in an amended complaint filed on December 14, 1970. Both papers were served upon the added defendants and they have answered; no serious question of jurisdiction over their persons arises.

The motion must be treated as one to dismiss the complaint under Fed.R.Civ. P., Rule 12(b) (6), 28 U.S.C., or for partial summary judgment under Fed. R.Civ.P., Rule 56, 28 U.S.C. Because it is made at the pleading stage, the only question for the Court is whether, on any state of facts provable under the allegations, the plaintiffs may succeed in securing some relief against the defendants as individuals.

When state officials are sued, as these are, to compel them to perform acts allegedly required by the Constitution or to refrain from acts barred thereby, complex questions of sovereign immunity and the bar of the eleventh amendment arise. These have been long since solved by federal courts, but the solution is a complex but logical construction according to which the same person, for different purposes, is considered to be sued both as an individual and also as a state official:

> The whole theory which permits the constitutionality of state action to be challenged by injunction despite the Eleventh Amendment, is that the state officer who is about to pursue an unconstitutional course of conduct is stripped of his official or representative character and is being sued as an individual. The concept is entirely fictive. It leads to the remarkable result that the officer's conduct is "state action" for purposes of the Fourteenth Amendment, and thus unconstitutional, but "individual action" for purposes of Eleventh Amendment,

and thus not immune from suit. 2 W. Barron & A. Holtzoff, Federal Practice and Procedure, § 626, at 444–45 (C. Wright ed. 1961) (footnotes omitted). See also, Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

The plaintiffs in this case of course are legitimately making use of this durable fiction in seeking at least part of their relief. Although the movants' memorandum is not explicit on the point, the Court does not construe the motion to request an order that for some reason the plaintiffs be denied the benefit of this Ex parte Young theory. Reference is made to the question only in order to eliminate any possible confusion, in this complex area, between the senses in which the term "individual capacity" is being used.

The gist of the order sought apparently would be a direction that in no event could a judgment for money damages against the individual parties in question be awarded under the present pleadings. If such an award is possible then the request must be denied.

The complaint in addition to the allegations of persistent racial discrimination on the part of all the defendants and the main prayer for relief therefrom asks for an award of costs, attorneys' fees, and incidental equitable damages.

■■ It is settled law that in school desegregation cases an award of costs and attorneys' fees is often appropriate, depending upon factual circumstances. Bell v. School Board of Powhatan County, 321 F.2d 494 (4th Cir. 1963). Moreover an award of nominal or exemplary damages in a § 1983 case is permissible. Tracy v. Robbins, 40 F.R.D. 108 (D.S.C. 1966). Actual damages, too, can be awarded. Wall v. Stanley County Board of Education, 378 F.2d 275 (4th Cir. 1967). In an appropriate case judgments may be enforceable against personal assets of defendants for acts constituting an abuse of official power.

Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

To say that these forms of relief are possible implies nothing about the merits of the case. At this point, however, the pleadings are in almost total conflict, and no evidence has been taken. The question before the Court amounts therefore to whether the plaintiffs have a right to bring suit. Manifestly they do. Under the allegations made, it is entirely possible that an award of damages, costs, or attorneys' fees payable by defendants individually could be appropriate relief. Accordingly the motion must be denied.

An order shall enter consistent with this memorandum.