692 F.2d 1286
 30 Fair Empl.Prac.Cas. 453,
30 Empl. Prac. Dec. P 33,171
Maudotha R. WHITE, Plaintiff/Appellant/Cross-Appellee,
v.
WASHINGTON PUBLIC POWER SUPPLY SYSTEM, et al.,
Defendant/Appellee/Cross- Appellant.
 Nos. 79-4224, 79-4236.
 United States Court of Appeals,
Ninth Circuit.
 Argued March 5, 1981.
Submitted March 19, 1981.
Decided Nov. 23, 1982.
 
 Charles H. Barr, Richland, Wash., for White.
 Lauritz S. Helland, argued, Ronald A. Bergman, Lauritz S. Helland, Houghton, Cluck, Coughlin & Ripley, Seattle, Wash., on brief, for W.P.P.S.S.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before KENNEDY and FLETCHER, Circuit Judges, and REED,* District Judge.
 KENNEDY, Circuit Judge:
 
 
 1
 Maudotha White, a female American Indian, appeals from an award of over $161,000 in compensatory and punitive damages, back pay, and attorneys' fees. The suit was brought under Title VII, Washington's parallel statute R.C.W. Secs. 49.60 et seq., and 42 U.S.C. Secs. 1981, 1983 & 1985 (1976), claiming discrimination in initial hiring and in later opportunities for promotion. Washington Public Power Supply Systems (WPPSS), a public corporation, cross-appeals from the same judgment. On the basis of Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), we reverse the judgment and remand for a new trial on all issues.
 
 
 2
 White alleged in her amended complaint that she was discriminated against in various promotions and job selections, and that she was harassed because of her race and sex. White in general described a pattern and practice of discrimination under which WPPSS allegedly segregated women and minorities into lower paying and less responsible jobs and hiring practices that resulted in the virtual absence of minorities from WPPSS' work force.
 
 
 3
 White proceeded to trial on a Title VII disparate treatment theory, that is, that she was treated less favorably than others because of her race and sex. In the Pretrial Order, the parties agreed that to establish "a prima facie case of discrimination in hiring, transfer or promotion," White would have to establish that she applied and was qualified for the positions for which she was rejected, then WPPSS would have to articulate non-discriminatory reasons for its actions, and finally White would have to establish that WPPSS' reasons were a mere pretext for discrimination. (Excerpt of Record (E.R.) 39). These are the steps involved in proving a disparate treatment case.
 
 
 4
 At trial, White adduced statistical evidence and her own personal testimony as to the alleged discrimination. After some confusion over the order of proof, WPPSS then attempted to rebut White's inference of discrimination. The trial court issued an oral decision in favor of White, which was followed within the week by formal findings of fact and conclusions of law.
 
 
 5
 WPPSS claims that the court erred in its allocation of the burden of proof at trial. It points to Finding of Fact 39, in which the district court said: "The defendant has not produced clear, cogent and convincing evidence that the plaintiff was not discriminated against because of her sex and/or race." From this, WPPSS alleges that the court placed upon it a burden contrary to law. We agree.
 
 
 6
 In Burdine the Fifth Circuit had held that, under Title VII in a disparate treatment case, the employer had the burden of proving the absence of discrimination after the plaintiff had made out a prima facie case under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The Supreme Court reversed, stating "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." 450 U.S. at 253, 101 S.Ct. at 1093. Here, as evidenced by the language of Finding of Fact 39, the trial judge believed that WPPSS had the burden of proving it did not discriminate, and that it had to meet that burden with "clear, cogent and convincing" evidence.[1] Under Burdine, however, all a defendant has to do after the establishment of a prima facie case is "rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." Id. at 254, 101 S.Ct. at 1094. Thus, the district court erred not only in allocating the burden of proof, but also in setting the quantum of proof necessary.[2]
 
 
 7
 White argues, however, that this is not reversible error because of her weighty evidence of discrimination. As we read the record, her proof consisted of: statistical evidence of underrepresentation of women and minorities at WPPSS; a statement by a supervisorial employee that she was passed over for a clerical position because he wanted to hire a minority male in order to "break up a female ghetto"; and testimony of her expert that White was more qualified for the jobs she sought, but did not receive, than those who eventually filled them. While we do not hold that such evidence is insufficient to support liability, we do not think White's case so clear that the court's error in allocating the burden of proof can be disregarded.
 
 
 8
 The trial court's finding of discrimination was tainted not only by the application of the incorrect burden of proof, but also by the use of dubious factual premises. White's statistical evidence, the heart of her case-in-chief, compared female and minority employment at WPPSS with Washington's general population of females and minorities, instead of the available population of qualified females and minorities. We previously have reviewed this type of comparison and have found it to have little or no weight. Hagans v. Andrus, 651 F.2d 622, 627 (9th Cir.1981), cert. denied, 454 U.S. 859, 102 S.Ct. 313, 70 L.Ed.2d 157 (1982); Pack v. Energy Research & Dev. Administration, 566 F.2d 1111, 1113 (9th Cir.1977). Furthermore, plaintiff's expert had not only been rejected for employment at WPPSS, but had also filed a complaint with the EEOC over that rejection. We consider this aspect of the expert's credibility in order to assess White's claim that her evidence was weighty, though on appeal we do not review the credibility of witnesses as such. Dunn v. Trans World Airlines, Inc., 589 F.2d 408, 414 (9th Cir.1978).
 
 
 9
 These factors seriously undercut White's argument that her evidence was decisive and leave us in doubt as to the result had the trial court properly allocated the burden of proof. Consequently, we reverse and remand for a new trial. See Hagans v. Andrus, 651 F.2d at 624.
 
 
 10
 It appears certain additional questions necessarily will arise on retrial, and it is appropriate for us to address them here. Although WPPSS' status as a public corporation may bring it within the purview of 42 U.S.C. Sec. 1983, the plaintiff must adduce evidence of an official policy or custom of discrimination to support liability under that section. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A public corporation's liability under section 1983 does not lie "solely because it employs a tortfeasor." Monell, 436 U.S. at 691, 98 S.Ct. at 2036 (emphasis in original); see Padway v. Palches, 665 F.2d 965, 968 (9th Cir.1982) (school district); May v. Enomoto, 633 F.2d 164, 167 n. 3 (9th Cir.1980) (Department of Corrections). There must be a showing either of official sanction of the agent's acts, or of culpable negligence, or impliedly or tacitly authorized, approved or encouraged discriminatory conduct as a matter of course on the part of the employer in failing to correct known slurs or other discriminatory acts of its employees. Harris v. City of Roseburg, 664 F.2d 1121, 1130 (9th Cir.1981); May v. Enomoto, 633 F.2d at 167; Landrigan v. City of Warwick, 628 F.2d 736, 746-47 (1st Cir.1980); Turpin v. Mailet, 619 F.2d 196, 200-04 (2d Cir.), cert. denied, 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980). Since we cannot give full credence to plaintiff's statistical evidence, we think the remainder of her evidence, based on the testimony of the minor supervisorial employee, may not be a sufficient predicate for finding an official policy or custom absent further findings as to the authority and autonomy of the supervisor. It is not clear to us that the trial court made such findings or that this record can support them.
 
 
 11
 In addition, although the trial court found liability under section 1981, there is some indication that this was based on acts of sex discrimination, not race. It is well settled that section 1981 only redresses discrimination based on plaintiff's race. Shah v. Mt. Zion Hospital & Medical Center, 642 F.2d 268, 272 & n. 4 (9th Cir.1981); Movement for Opportunity & Equality v. General Motors Corp., 622 F.2d 1235, 1239 n. 1 (7th Cir.1980).
 
 
 12
 Finally, it was error to award punitive damages on this record. The district court seemed to predicate the award of punitive damages on sex discrimination under Title VII. Punitive damages, however, are not awardable under Title VII, Shah, 642 F.2d at 272, or RCW Secs. 49.60 et seq., Ellingson v. Spokane Mortgage Co., 19 Wash.App. 48, 58, 573 P.2d 389, 394 (1978). Furthermore, the judge's comments on punitive damages were directed primarily at WPPSS' sex discrimination and, as we have said, section 1981 is applicable to discrimination on account of race. See Findings of Fact 24, 43, 44, & 45. Whether punitive damages are available at all under section 1981 where the defendant is a municipality is a question we leave open. This leaves section 1983, and the Supreme Court has held that punitive damages are not available against municipalities under section 1983. City of Newport v. Facts Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981).
 
 
 13
 We next turn to defendant Greagor. White originally made claims against several individual defendants. All of these were eventually dismissed, with the exception of her claim against Greagor. The court, in its oral findings and conclusions, found Greagor liable for damages in an undetermined sum, but then omitted any mention of Greagor in its judgment. This leaves us uncertain also as to whether punitive damages against Greagor were intended.
 
 
 14
 Punitive damages are available against individuals under sections 1981, 1983, or 1985(3). See, e.g., Gill v. Manuel, 488 F.2d 799, 801 (9th Cir.1973) (punitive damages available under section 1983); Allen v. Amalgamated Transit Union, 554 F.2d 876 (8th Cir.) (same, section 1981), cert. denied, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977); Tracy v. Robbins, 40 F.R.D. 108, 112-13 (D.S.C.1966) (same, section 1985). However, because we are in doubt whether punitive damages were awarded against defendant Greagor, we cannot affirm on this basis.
 
 
 15
 REVERSED and REMANDED for a new trial.
 
 
 
 *
 Honorable Edward C. Reed, Jr., United States District Judge for the District of Nevada, sitting by designation
 
 
 [1]
 Although the trial court appeared to apply the correct burden of proof in its oral decision, the rule in this circuit is that the formal findings of fact and conclusions of law supersede the oral decision. Hong v. United States, 363 F.2d 116, 120 (9th Cir.1966); United States v. Cornish, 348 F.2d 175, 181 n. 8 (9th Cir.1965)
 
 
 [2]
 The panel gave consideration to the possibility that the disputed Finding of Fact refers to the back pay issue. Indeed, it correctly recites defendant's burden, after discrimination has been proved, to show that plaintiff would have been rejected for promotion even absent discrimination and hence is not entitled to back pay. The clear and convincing test is proper in that context, but its similarity to the disputed finding here is coincidental. Finding 39 follows right after the findings relating to White's prima facie case, and before the discussion of other defenses. It is far removed from the finding addressing the amount of back pay awarded. That the district court set out this finding as WPPSS's burden on the case-in-chief, moreover, is evident from the pretrial order. There the plaintiff contended that, once a prima facie case had been shown, the defendant had a heavy burden "to prove lack of discrimination by clear, cogent and convincing evidence." (E.R. 35.) The trial court evidently adopted this as the defendant's burden of proof, as set out in Finding 39. This burden and allocation of proof was erroneous