No. 80–1258. MARKHAM ET AL. *v.* GELLER. C. A. 2d Cir. Certiorari denied. 

JUSTICE REHNQUIST, dissenting.

This case presents the question whether a school board may enact a policy which, for budgetary reasons, favors the hiring of less experienced teachers. Because I think the Court of Appeals for the Second Circuit erred in holding that such a policy violates the Age Discrimination in Employment Act of 1967 (ADEA), 29 U. S. C. § 621 *et seq.*, I dissent from the denial of the petition for a writ of certiorari.

The respondent in this action was 55 years old when she applied for a position as an art teacher in the West Hartford, Conn., school system. Respondent had 13 years of prior experience as a teacher in New Jersey. When the job opening for which respondent applied was filled by a 26-year-old teacher with three years' experience, respondent initiated this lawsuit alleging violations of the ADEA and pointing in par-

ticular to the "sixth step" policy adopted by the West Hartford Board of Education (Board). This cost-cutting policy read:

"Except in special situations and to the extent possible, teachers needed in West Hartford next year will be recruited at levels below the sixth step of the salary schedule."

The "sixth step" is the salary grade reached by teachers with more than five years' experience. This policy would be applicable to the respondent because the Board, like most school districts, gives credit for experience received in other schools.

At trial, the respondent introduced statistical evidence establishing that 92.6% of Connecticut teachers between 40 and 65 years of age (the protected age group under ADEA) have more than five years' experience and thus are discriminated against by the sixth-step policy. The significance of this evidence, however, was minimized by the additional evidence that over 60% of teachers under age 40 also have more than five years' experience. The District Court instructed the jury that petitioners' sixth-step policy was discriminatory as a matter of law and that respondent was entitled to recover if petitioners' employment "decision about [respondent] was made in whole or in part because she was above the fifth step on the salary scale . . . . " The jury returned a verdict for the respondent.

On appeal, the Court of Appeals affirmed in pertinent part. The Court of Appeals likened this case to a Title VII discriminatory impact case and held that respondent's statistics had established a prima facie case of discriminatory impact and that petitioners had not justified their employment practice by a showing of business necessity or need. The Court of Appeals specifically rejected petitioners' contention that the sixth-step policy was supportable as a necessary cost-cutting gesture in the face of tight budgetary constraint. The Court of Appeals reasoned that this cost-cutting justification

must fail because of 29 CFR § 860.103 (h) (1979), which provides in part:

"[A] general assertion that the average cost of employing older workers as a group is higher than the average cost of employing younger workers as a group will not be recognized as a differentiation under the terms and provisions of the Act, unless one of the other statutory exceptions applies. To classify or group employees solely on the basis of age for the purpose of comparing costs, or for any other purpose, necessarily rests on the assumption that the age factor alone may be used to justify a differentiation—an assumption plainly contrary to the terms of the. Act and the purpose of Congress in enacting it. Differentials so based would · serve only to perpetuate and promote the very discrimination at which the Act is directed."

The Court of Appeals held that this regulation similarly defeated petitioners' defense to respondent's disparate-treatment case.

In my opinion, the decision of the Court of Appeals is inconsistent with the express provisions of the ADEA and is not supported by any prior decision of this Court. The ADEA makes it unlawful for any employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U. S. C. § 623 (a)(1). The policy under attack in this case, however, makes no reference to age. For budgetary reasons, a school board simply adopted a policy to hire teachers with fewer years of experience. No one contends that the Board discriminated against teachers over the age of 40 who had fewer than five years of prior teaching experience and who sought employment. In spite of this, the courts below found the Board's policy unlawful because it has a greater "impact" on teachers between

the ages of 40 and 65 than it has on teachers under the age of 40. They reached this conclusion even though over 60% of all teachers under the age of 40 also have more than five years of experience and are detrimentally affected by the Board's policy. This Court has never held that proof of discriminatory impact can establish a violation of the ADEA, and it certainly has never sanctioned a finding of a violation where the statistical evidence revealed that a policy, neutral on its face, has such a significant impact on all candidates concerned, not simply the protected age group.

Of greater importance, however, is the rationale employed by the Court of Appeals in rejecting the Board's "cost" justification for its policy. The court held that such justification conflicted with 29 CFR § 860.103 (h) (1979), which is one of the many guidelines that has been issued by the Secretary of Labor in this area. By its express terms, however, this regulation is inapplicable to the present situation. The Board has not made a general assertion that "the average cost of employing older workers as a group is higher than the average cost of employing younger workers," nor does this involve an attempt "[t]o classify or group employees solely on the basis of age for the purpose of comparing costs . . . ." Rather, this is a policy which by its express terms makes no reference to age and which in practice has had a significant impact on teachers under the age of 40 as well as those over that age. The Court of Appeals' opinion manages to tie the hands of local school boards in dealing with ever-increasing costs without the sanction of the Act which Congress passed to protect older workers. Presumably, the Court of Appeals' rationale would similarly prohibit the Board from deciding no longer to give full credit for teaching experience received at other school districts. Such a policy, although neutral on its face with regard to age and affecting all teachers, would no doubt have a statistically different impact on teachers over the age of 40 than on those under that age.

In my view, Congress did not intend the ADEA to have

the restraining influence on local governments which will result from the decision below. Congress revealed this intention in 29 U. S. C. § 623 (f)(1), which provides that it shall not be unlawful for an employer to take any action otherwise prohibited "where the differentiation is based on reasonable factors other than age." Because the differential based on experience in petitioners' sixth-step policy has nothing to do with age, I would grant the petition for a writ of certiorari and give plenary consideration to the decision of the Court of Appeals.