**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2692

_____

Paul E. Lewis,                          *
                                        *
         Appellant,                     *
                                        *
    v.                                  *
                                        *
Aerospace Community Credit              *
Union, a Missouri corporation,          *
                                        *
         Appellee.                      *

_____

                                        Appeals  from  the  United
States
    No. 96-3130                          District Court for the
                                                      E a s t e r n
_____

District of Missouri.

Gregory F. Kelleher, Jr.,               *
                                        *
         Appellant,                     *
                                        *
    v.                                  *
                                        *
Aerospace Community Credit              *
Union, a Missouri corporation,          *
                                        *
         Appellee,                      *
                                        *
Nina G. Pilger,                         *
                                        *
         Defendant,                     *
                                        *

American Association of Retired
Persons,                        *
                                *
        Amicus Curiae.          *
        _____

          Submitted:  March 10, 1997

                  Filed:   May 29, 1997
          _____

Before FAGG, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.
          _____

HEANEY, Circuit Judge.

     Paul E. Lewis and Gregory F. Kelleher, Jr. each
appeal from a grant of summary judgment by the Eastern
District of Missouri[1] to their former employer, Aerospace
Community Credit Union ("Aerospace"), dismissing their
discrimination claims brought under the Age
Discrimination in Employment Act (ADEA), 29 U.S.C. §§
621-634 (1994).  Because we agree with the district court
that neither plaintiff has presented sufficient evidence
of discrimination to survive summary judgment, we affirm
both decisions.

---

[1]Kelleher's case was before United States District Judge Jean C. Hamilton while
Lewis's case, by consent of the parties pursuant to 28 U.S.C. § 636(c), was before
Magistrate Judge Frederick R. Buckles.  Although these cases were filed separately in
the district court and were individually appealed to this court, we have decided on our
own motion to decide the appeals in one opinion because they involve substantially the
same parties, issues, and legal arguments.

In 1986, when he was forty-six years old, Kelleher began working for Aerospace as a loan manager and in 1992, he became manager of one of the credit union's branch offices. Lewis began working for Aerospace in 1991, at age forty-seven as the Vice President of Management Information Systems, a new position created to oversee the expansion of Aerospace's computer system and the conversion of a recently-merged credit union to the same system.

In the early 1990s, Aerospace experienced financial troubles. The state and federal agencies in charge of monitoring the credit union's financial stability were critical of its performance and recommended that it develop a plan to reduce its net operating expenses. As part of its plan, Aerospace reduced office expenses such as travel, training, and maintenance, and centralized its lending activities to one of three branch offices. Aerospace also eliminated several positions: the Executive Vice President, the Executive Secretary, Lewis's position, and all three branch manager positions. As a result, Aerospace fired Kelleher and Lewis on October 31, 1994. Kelleher was fifty-four years old at the time and Lewis was fifty. According to Kelleher and Lewis, three of the four persons whose positions were eliminated and who did not find other work in the credit union were over fifty; the two employees who found other work with Aerospace were under fifty. Aerospace acknowledges that neither Kelleher nor Lewis experienced any performance problems and asserts that, but for the

company's need to reduce expenses, neither would have been fired.

After exhausting their administrative remedies with the Equal Employment Opportunity Commission, Kelleher and Lewis each initiated a lawsuit against Aerospace, alleging that its decision to terminate their positions was made on the basis

of age and that it had a disparate impact on persons over the age of fifty.[2] Aerospace moved for summary judgment in each case, arguing that as to their claims of disparate treatment, neither claimant could establish a prima facie case of age discrimination and that even if they could, they had not rebutted Aerospace's legitimate reasons for the reduction decisions. Aerospace also argued that disparate impact claims are not cognizable under the ADEA and that even if they were, Kelleher and Lewis had not presented sufficient evidence to survive summary judgment. In each case, the district court granted summary judgment for Aerospace on both the disparate treatment and the disparate impact claims. Kelleher and Lewis appeal.

## II.

We review the grant of summary judgment de novo to determine whether the record, viewed in the light most favorable to the nonmoving party, reveals any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

A. <u>Disparate Treatment</u>

---

[2]As a separate count in his complaint, Kelleher also alleged that the President of Aerospace, Nina Pilger, violated the ADEA by referring to him "by derogatory age-related names and epithets" in the presence of other employees. Although we agree with the district court that Pilger's comments alone do not give rise to an independent age discrimination claim, we consider the comments in connection with Kelleher's other evidence of age discrimination to determine whether he has presented sufficient evidence to survive summary judgment on his disparate treatment claim.

We review Kelleher's and Lewis's age discrimination claims, based largely on circumstantial evidence, under the familiar McDonnell Douglas, burden-shifting analysis. Halsell v. Kimberly-Clark Corp., 683 F.2d 285, 289 (8th Cir. 1982) (McDonnell-Douglas framework applicable to ADEA claims). Under that analysis, if

a plaintiff demonstrates a prima facie case of discrimination, the employer must offer a legitimate, nondiscriminatory explanation for its employment decision. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). Once the employer meets its burden of production, the legal presumption raised by the prima facie case is rebutted and the plaintiff retains the ultimate burden of persuading the trier of fact that the employer's true motivation for the challenged employment decision was intentional discrimination. Hicks, 509 U.S. at 508 (quoting Burdine, 450 U.S. at 256).

1. Kelleher

There is no dispute that Kelleher was over forty years old at the time of his discharge, that he was qualified for the job, and that he was discharged. In addition to these basic requirements, Kelleher points to the circumstances surrounding his discharge as circumstantial evidence that his age was a motivating factor in Aerospace's decision to fire him. All three branch manager positions were eliminated, but the two other employees who had been branch managers and who were under age fifty were reassigned within the credit union to new positions not offered to Kelleher. Although redistribution of a discharged employee's duties to younger employees is insufficient by itself to establish a prima facie case of age discrimination, Bialas v. Greyhound Lines, Inc., 59 F.3d 759, 763 (8th Cir. 1995), this case appears to involve more than mere redistribution of duties. After Aerospace determined

7

that the branch manager positions were to be eliminated, the only branch manager who ultimately lost his job, Kelleher, was over fifty. Thus, the specific circumstances of this case raise some suspicion as to Aerospace's motives in implementing its reduction in force. See Taylor v. Canteen Corp., 69 F.3d 773, 780 (7th Cir. 1995) ("[A]n employer

implementing a [reduction in force] may not favor younger employees over older ones by finding new positions only for younger workers.").[3]

Kelleher also relies on statistical evidence to support his claim. He asserts that between 1993 and 1995, Aerospace terminated its only three nonbargaining-unit employees who were over fifty years old and only terminated one person under the age of forty. As the district court recognized, given the sample size of the statistical evidence, it is "certainly not conclusive evidence of age discrimination in itself, but it is surely the kind of fact which could cause a reasonable trier of fact to raise an eyebrow, and proceed to assess the employer's explanation for this outcome." MacDissi v. Valmont Indus., Inc., 856 F.2d 1054, 1058 (8th Cir. 1988) (referring to an employer's decision to terminate the two oldest employees in a department in which all but one of the remaining employees were younger than forty years old). The district court determined, however, that Kelleher failed to create an inference of age discrimination because taking into consideration the employees in the collective bargaining unit, the age-related disparity "disappears." In our estimation, the nonmanagement, organized employees are irrelevant to

---

[3]The district court determined that there was no evidence that the positions to which Kelleher suggests he could have been reassigned were open when he was discharged, that he applied for them, or that he was qualified for them. Although there was evidence in the record to support that the reassigned employees were more qualified than Kelleher for their new positions, viewing the evidence in the light most favorable to Kelleher, these positions were awarded, and thus open, at the time of his discharge and he was qualified for them. That Kelleher was not given an opportunity to apply for the jobs does not destroy his argument.

Kelleher's claim that Aerospace has discriminated against its managerial employees over the age of fifty both because of the difference in the nature of the positions and safeguards provided to organized employees both locally and nationally. Thus, we consider the evidence as Kelleher has presented it, giving it the weight, however slight, that it is due.

We believe that the circumstances surrounding Kelleher's discharge and the fact that Aerospace fired all three management employees over the age of fifty provide sufficient additional evidence to establish a prima facie case of age discrimination.[4] We thus turn to the nondiscriminatory justifications Aerospace has offered for its employment decisions affecting Kelleher.

In addition to the evidence of its financial need to reduce expenses, Aerospace contends that the branch manager positions were no longer necessary after it centralized its lending services to one branch office. Kelleher does not challenge this specific reason given for his termination. Rather, he argues that the fact that Aerospace gave all of its employees a five percent raise the January following his discharge undermines the

---

[4]Kelleher makes two additional arguments to support his prima facie case, which we find to lack merit. First, Kelleher argues that Pilger's admission that his salary was one factor she considered in deciding to fire him raises an inference of age discrimination because of the correlation between a higher salary and age. An employer's reliance on factors correlated with age does not, in itself, constitute age discrimination. Hanebrink v. Brown Shoe Co., No. 96-2654 (8th Cir. April 14, 1997) (citing Hazen Paper Co. v. Biggins, 507 U.S. 604, 611 (1993)). Kelleher also contends that several age-related remarks made by Pilger provide further evidence of Pilger's bias against older persons. In his deposition, Kelleher testified that Pilger joked about his age in small groups at work and in larger meetings and that he found the comments embarrassing. He also recalled a specific incident in which, after a round of golf at a company-sponsored tournament, Pilger told him that his poor performance on the course probably had something to do with his age. It is unclear from the record when any of the comments were made and, as to the comments made at work, what was said and in what context. Thus, we have absolutely no basis on which to evaluate the extent to which these comments indicate an age-related bias on the part of Pilger and whether such bias had any effect on her decision to fire Kelleher.

credit union's assertion that it was experiencing financial difficulties and needed to reduce its workforce at all.  We are not persuaded that a wage increase for retained employees and a need to eliminate unnecessary positions are per se inconsistent.  In fact, the evidence indicates that a raise for union employees was

mandatory under the terms of Aerospace's collective bargaining agreement with the employee union and that management had already undergone a two and one-half year wage freeze.

With respect to the fact that the younger, former branch managers were given new assignments in the credit union, Aerospace has provided specific explanations as to why the retained employees were better suited for the new positions than Kelleher.[5] Kelleher contends that he was equally qualified for the positions. Even if we were to agree with Kelleher's own assessment of their relative qualifications, a comparison that reveals that Kelleher was only as qualified as the retained employees would not raise an inference of discrimination. See <u>Chock v. Northwest Airlines, Inc.</u>, No. 96-204, slip op. at 6-7 (8th Cir. May 14, 1997).

Because we agree with the district court that Kelleher has not produced any evidence to challenge the nondiscriminatory explanations Aerospace has offered for its employment decisions, we affirm the grant of summary judgment for Aerospace with respect to Kelleher's disparate treatment claim.

---

[5]One former branch manager, Mary Jo Garofalo, became the Vice President of Operations. Pilger testified at her deposition that Garofalo has been working in the credit union longer, has been involved in its growth, and is generally more knowledgeable in the development of the credit union. The other former branch manager, Pat White, became the Manager of Business Development. Although Kelleher had been at the credit union longer than White (in fact, he had trained her in on Aerospace's policies and procedures), Pilger testified that Kelleher was not qualified for the business development position because he lacks the sales ability necessary to promote the credit union's services to employee groups or potential employee groups.

13

## 2. Lewis

Lewis's age discrimination claim is more tenuous than Kelleher's. Again, no one disputes that he was over forty years old when his position was eliminated, that he was qualified for the position, and that he was discharged. He produces little other evidence to support his claim, however. He relies on the same statistical evidence as presented by Kelleher, similar wage considerations made by Pilger in eliminating his position, and the same five percent wage increase after his termination. Assuming that Lewis could establish a prima facie case of age discrimination, he, like Kelleher, has presented no evidence to discredit the nondiscriminatory reasons offered by Aerospace for his termination. In looking for areas in which a reduction in Aerospace's workforce would least impact the operation of the credit union and the services it offered to its customers, Pilger determined that Lewis's supervisory position over data processing was no longer necessary. The younger employee who assumed some of his duties simply returned to the position she had occupied prior to the creation of Lewis's position. In light of the evidence before us, we agree with the district court that Lewis has failed to make a submissible case of age discrimination.

## B. Disparate Impact

We also agree with the district court that neither claimant has presented sufficient evidence to support a claim of disparate impact discrimination based on a disparate-impact theory. Disparate-impact claims

14

challenge "'employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.'" Hazen Paper Co. v. Biggins, 507 U.S. 604, 609 (1993) (quoting International Bhd. of Teamsters v. United States, 431 U.S. 324, 335-36 n.15 (1977)). To prove discrimination under this theory, a plaintiff must identify challenge a facially-neutral employment practice, demonstrate a disparate impact upon the group to which he or she belongs, and prove causation. Watson v. Fort Worth Bank & Trust, 487 U.S. 977,

15

994-95 (1988). For a prima facie case, plaintiffs "must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." Id.


Aerospace contends that disparate-impact claims are not cognizable under the ADEA. We disagree. Although the Supreme Court has yet to rule on this legal question, see Hazen Paper, 507 U.S. at 610, our circuit continues to recognize the viability of such claims under the ADEA. Smith v. City of Des Moines, Iowa, 99 F.3d 1466, 1470 (8th Cir. 1996). Nonetheless, we agree with the district court in both cases that the claimants have not presented statistical evidence of the kind or degree necessary to establish a prima facie case of age discrimination. The sample size of three nonbargaining-unit employees over the age of fifty is simply too small independently to support a discrimination claim. See MacDissi, 856 F.2d. at 1058 (explaining that statistical evidence for a disparate impact claim must be much stronger than circumstantial evidence to support a disparate treatment claim); Harper v. Trans World Airlines, Inc., 525 F.2d. 409, 412 (8th Cir. 1975) (sample of five too small). Because we have determined that the claimants failed to establish a prima facie case, we need not address the business justifications offered by Aerospace for its decisions. Accordingly, we affirm the grant of summary judgment for Aerospace on both disparate impact claims.

III.

16

Based on the foregoing, we affirm the decisions of the district court to grant summary judgment for Aerospace in each case with respect to all claims of age discrimination.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurs in the result.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.