969 F.Supp. 1221 (1997)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
v.
McDONNELL DOUGLAS CORPORATION, Defendant.
No. 4:95 CV 01414 SNL.
United States District Court, E.D. Missouri, Eastern Division.
July 22, 1997.
*1222 Alice Craft, Robert Johnson, C. Mill, S. Royal, E.E.O.C., St. Louis, MO, for plaintiff.
Michael Burke, Ann Davis, Thomas Wack, Bryan Cave, St. Louis, MO, for defendant.

ORDER
LIMBAUGH, District Judge.
This matter is before the Court on the Defendant's Motion to Dismiss Count II of the Plaintiff's Second Amended Complaint, dated March 31, 1997. The underlying pattern-or-practice and disparate impact action arises under section 7(b) of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b). The Plaintiff represents 431 of the Defendant's former employees, age 55 and over, who were laid off during the reduction-in-force that occurred from May 2, 1991, through February 28, 1993.
The Defendant argues that Count II of the Plaintiff's Second Amended Complaint should be dismissed because the ADEA does not recognize claims of disparate impact on behalf of "subgroups" of the class of persons protected by that statute.
Claims of disparate impact "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." Teamsters v. United States, 431 U.S. 324, 335-36 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396 (1977). Unlike claims of disparate treatment, a disparate impact plaintiff is not required to show that the employer was motivated by discriminatory animus. Id. ("Proof of discriminatory motive ... is not required under a disparate-impact theory."). On the contrary, "[t]o prove discrimination under this theory, a plaintiff must identify [the] challenge[d][] facially-neutral employment practice, demonstrate a disparate impact upon the group to which he or she belongs, and prove causation." Lewis v. Aerospace Community Credit Union, 114 F.3d 745, 750 (8th Cir.1997), citing Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994-95, 108 S.Ct. 2777, 2788-89, 101 L.Ed.2d 827 (1988).
In Hazen Paper Co. v. Biggins, 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993), the Supreme Court went out of its way to note that it had never decided whether claims of disparate impact were cognizable under the ADEA. The Hazen Paper decision spawned numerous challenges to the validity of disparate impact claims in the age discrimination arena. While several Circuits have since expressed doubts on the issue,[1] the Eighth Circuit has steadfastly adhered to its pre-Hazen precedents recognizing the viability of disparate impact claims under the ADEA. Lewis, 114 F.3d at 750; Smith v. City of Des Moines, 99 F.3d 1466, 1469-70 (8th Cir.1996). Whether such claims are valid for subgroups of the protected class, however, has never been addressed.[2]
*1223 In Lowe v. Commack Union Free School District, 886 F.2d 1364 (2nd Cir.1989), the Second Circuit addressed the issue and concluded that the disparate impact theory was not available to subgroups of the protected class under the ADEA. The Court reasoned that the inherently manipulable nature of the analysis could result in a disparity which would support an inference of discrimination that the statute was not meant to protect.[3]Lowe, 886 F.2d at 1373. Although the Lowe decision predates Hazen Paper, the disparate impact principles it announced have just recently been reaffirmed by the Second Circuit. See Criley v. Delta Air Lines, Inc., 119 F.3d 102, 105 (2nd Cir.1997)(per curiam)("[plaintiff] must allege a disparate impact on the entire protected group. i.e., workers aged 40 and over.").
The problem with applying the disparate impact theory to age discrimination cases is that age, unlike gender, race or national origin, "is not a discrete and immutable characteristic of an employee which separates the members of the protected group indelibly from persons outside the protected group. Rather, age is a continuum along which the distinctions between employees are often subtle and relative ones." Goldstein v. Manhattan Indus., Inc., 758 F.2d 1435, 1442 (11th Cir.), cert. denied, 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985). Accordingly, a policy based solely on reasonable factors may nonetheless subject the employer to liability in direct contravention of the express provisions of the ADEA. 29 U.S.C. § 623(f)(1)("It shall not be unlawful for an employer ... to take any action otherwise prohibited ... where the differentiation is based on reasonable factors other than age."); see also Markham v. Geller, 451 U.S. 945, 947-48, 101 S.Ct. 2028, 2029-30, 68 L.Ed.2d 332 (1981) (Rehnquist, J., dissenting from denial of certiorari). For instance, although an employer may lawfully take account of its employees' pension status, compensation and seniority, see e.g., Hazen Paper, 507 U.S. at 608-14, 113 S.Ct. at 1705-08, decisions based upon these factors may later become suspect due to an unanticipated and unintended disparate impact. It would be anomalous indeed to hold an employer liable under the ADEA for engaging in activity which is perfectly lawful under that statute.
While it may be possible to contain these problems when the analysis is confined to the protected class as a whole, the infinite number of variations necessarily incumbent upon any analysis of some yet to be determined subgroup within the protected class presents an entirely different matter. It is conceivable that every employment decision could have a disparate impact on someone or some group of employees. This is particularly so because a prima facie case of disparate impact is based almost exclusively upon statistical evidence. See Leftwich v. Harris-Stowe State College, 702 F.2d 686, 690 (8th Cir.1983)("[s]tatistical evidence ... is clearly an appropriate method to establish disparate impact"), citing Hazelwood School District v. United States, 433 U.S. 299, 306-09, 97 S.Ct. 2736, 2740-42, 53 L.Ed.2d 768 (1977); Teamsters, 431 U.S. at 337-340, 97 S.Ct. at 1855-57. As the Second Circuit recognized in Lowe, "[u]nder this approach ... any plaintiff can take his or her own age as the lower end of a `sub-protected group' and argue that *1224 said `sub-group' is disparately impacted." Lowe, 886 F.2d at 1373; see also Teamsters, 431 U.S. at 340, 97 S.Ct. at 1857 (cautioning that statistics come in infinite variety and their usefulness "depends on all of the surrounding facts and circumstances.").
Nevertheless, the Plaintiff insists that the ADEA protects individuals, not groups. It maintains that the Supreme Court said as much in O'Connor v. Consolidated Coin Caterers Corp., ___ U.S. ___, ___, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996). In O'Connor, the Supreme Court stated:
[The ADEA] does not ban discrimination against employees because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older. The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out because of his age.

O'Connor, ___ U.S. at ___, 116 S.Ct. at 1310.
In any event, the Plaintiff argues that O'Connor undercuts the reasoning behind Lowe, and that Lowe is no longer good law.
O'Connor, however, was a disparate treatment case. The sole issue presented was whether a plaintiff could make a prima facie case of disparate treatment, under the framework established in McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), by showing that he or she was replaced by a younger employee rather than someone outside the protected class. O'Connor, ___ U.S. at ___, 116 S.Ct. at 1309. The Supreme Court answered the question affirmatively, stating: "Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." Id. at ___, 116 S.Ct. at 1310.
The rationale expressed in O'Connor must be understood in the context of a disparate treatment case. Accordingly, where there is evidence of intentional age discrimination, there is no reason why a 40 year-old who is replaced by a 39 year-old should have a more submissible case under the ADEA than a 56 year-old replaced by a 40 year-old. O'Connor, ___ U.S. at ___, 116 S.Ct. at 1310.
This reasoning, however, makes little sense in a disparate impact case, where no evidence of discriminatory intent is required. There is simply no reason to force an employer who has no discriminatory animus to achieve statistical parity for each and every conceivable age subgroup throughout its work force. Indeed, as the Defendant correctly notes, the only method by which an employer could ensure such statistical parity would be to engage in "the very age-based decision-making [the] ADEA is intended to avoid." Reply Mem. in Supp. of Def.'s Mot. to Dismiss Count II of Pl.'s Second Am. Compl. at 3. This result is inimical to the language, purpose and aims of the ADEA.
Furthermore, it is disingenuous to suggest that O'Connor undercuts the reasoning behind Lowe. The Second Circuit expressly recognized the disparate treatment rationale expressed in O'Connor over seven years before the Supreme Court addressed the issue. Lowe, 886 F.2d at 1372, 1374.[4] Additionally, as stated above, the Second Circuit has recently reaffirmed its position that the ADEA does not recognize disparate impact claims *1225 on behalf of subgroups of the protected class. See Criley v. Delta Air Lines, Inc., ___ F.3d ___, 1997 WL 381319 (2nd Cir.1997) (per curiam).
The Court finds the reasoning expressed by the Second Circuit to be persuasive and, therefore, concludes that the disparate impact theory is not available to subgroups of the protected class under the ADEA.[5]
Accordingly,
IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss Count II of the Plaintiff's Second Amended Complaint, dated March 31, 1997 is GRANTED.
IT IS FURTHER ORDERED that Count II of the Plaintiff's Second Amended Complaint is DISMISSED with prejudice.
NOTES
[1] Ellis v. United Airlines, 73 F.3d 999 (10th Cir.), cert. denied, ___ U.S. ___, 116 S.Ct. 2500, 135 L.Ed.2d 191 (1996); Lyon v. Ohio Educ. Ass'n & Prof'l Staff Union, 53 F.3d 135, 139 n. 5 (6th Cir. 1995); DiBiase v. SmithKline Beecham Corp., 48 F.3d 719, 732-34 (3d Cir.)(opinion of Greenberg, J., alone), cert. denied, ___ U.S. ___, 116 S.Ct. 306, 133 L.Ed.2d 210 (1995); EEOC v. Francis W. Parker School, 41 F.3d 1073 (7th Cir.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 2577, 132 L.Ed.2d 828 (1995).
[2] While the Eighth Circuit has not yet addressed the issue, the Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, implicitly rejected the applicability of the disparate impact theory to subgroups of the protected class under the ADEA in his opinion in Lewis v. Aerospace Community Credit Union, 934 F.Supp. 314, 321 (E.D.Mo. 1996) ("Plaintiff's comparison of employees over the age of fifty to employees under the age of fifty in support of his ADEA disparate impact claim is misplaced inasmuch as the ADEA confers protected status on employees forty years of age or older."), citing Garner v. Arvin Industries, Inc., 885 F.Supp. 1254, 1255 (E.D.Mo.1995).
[3] The court stated:

Because Lowe and Delisi are in their fifties, they seek to define the protected group as those 50 or older. Under this approach, however, any plaintiff can take his or her own age as the lower end of a "sub-protected group" and argue that said "sub-group" is disparately impacted. If appellants' approach were to be followed, an 85 year old plaintiff could seek to prove a discrimination claim by showing that a hiring practice caused a disparate impact on the "sub-group" of those age 85 and above, even though all those hired were in their late seventies. We do not believe that such a "disparity" would support the inference of discrimination that the disparate impact approach permits when those outside a statutorily protected group are preferred over those included in that group. We find no support in the case law or in the ADEA for the approach to disparate impact analysis appellants advocate.
Lowe, 886 F.2d at 1373.
[4] The court stated:

By recognizing the requirement that a prima facie case of disparate impact must show some disparate impact on the protected group, we in no way preclude a finding of age discrimination on the facts alleged by Lowe and Delisi. Thus, where discrimination occurs "within" a protected group, e.g., where those in their fifties are discriminated against in favor of those in their forties, there is nothing to prevent a 55 year old plaintiff from prevailing on a disparate treatment claim. The use of disparate impact analysis is but one means of demonstrating age discrimination.
Lowe, 886 F.2d at 1372.
The court further stated:
We reiterate that nothing we say here should be taken to preclude a plaintiff from prevailing on a disparate treatment claim where the "beneficiaries" of the discrimination, although younger than the plaintiff, are nevertheless themselves within the protected group of those 40 and over.
Lowe, 886 F.2d at 1374.
[5] In so doing, the Court respectfully disagrees with the analysis employed and results reached by the district courts in Finch v. Hercules, Inc., 865 F.Supp. 1104 (D.Del.1994) and Graffam v. Scott Paper Con., 848 F.Supp. 1 (D.Me.1994).