741 So.2d 1289 (1999)
Dr. Edward J. O'BOYLE, et al., Plaintiffs-Appellants,
v.
LOUISIANA TECH UNIVERSITY, et al., Defendants-Appellees.
No. 32,212-CA
Court of Appeal of Louisiana, Second Circuit.
October 1, 1999.
Rehearing Denied October 21, 1999.
*1290 Floyd J. Falcon, Baton Rouge, Counsel for Appellants.
Hudson, Potts & Bernstein By Ben R. Hancey, Stephen A. North, Monroe, Miller, Canfield, Paddock & Stone, By John H. Willems, Walter B. Connolly, Counsel for Appellees.
Before BROWN, CARAWAY and KOSTELKA, JJ.
BROWN, J.
Plaintiffs, who are current and former faculty members at Louisiana Tech University ("Tech"), filed this action asserting age discrimination claims under the federal and state Age Discrimination in Employment Acts ("ADEA") based on theories of disparate treatment and disparate impact.[1] Plaintiffs are over 50 years old and were hired in the 1970's. They claim that more recently hired faculty members received substantially higher salaries. These salaries were based on the current market rate. As a result, the younger, less experienced faculty were making more money than the older, more experienced faculty. Plaintiffs seek salary adjustments retroactive to two years prior to filing suit, liquidated damages, attorney fees and costs.
In granting Tech's motion for summary judgment, the trial court found undisputed that plaintiffs were not paid the same as their younger counterparts, but that there was no discriminatory motive or intent. The court then ruled that, as a matter of law, the disparate impact theory did not apply to ADEA actions and, even if applicable, there was no evidence to support plaintiffs' adverse impact claim. Plaintiffs appeal, objecting to the rulings that disparate impact was not viable under the ADEA and that plaintiffs failed to produce support for such a claim. We affirm.

Discussion
This action was brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the Louisiana Age Discrimination in Employment Act, La. R.S. 23:971-972. The Louisiana Act mirrors the federal ADEA and should be construed in light of federal precedent. Taylor v. Oakbourne Country Club, 95-388 (La.App. 3d Cir.10/04/95), 663 So.2d 379.
In Hazen Paper Company v. Biggins, 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993), the U.S. Supreme Court succinctly distinguished "treatment" and "impact" as follows:
We long have distinguished between "disparate treatment" and "disparate impact" theories of employment discrimination. "`Disparate treatment' ... is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion [or other protected characteristics.] Proof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment....

*1291 "[C]laims that stress `disparate impact' [by contrast] involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Proof of discriminatory motive ... is not required under a disparate-impact theory." [International Brotherhood of] Teamsters v. United States, 431 U.S. 324, 335-336, n. 15, 97 S.Ct. 1843, 1855, n. 15, 52 L.Ed.2d 396 (1977) (citation omitted) (construing Title VII of Civil Rights Act of 1964). The disparate treatment theory is of course available under the ADEA, as the language of that statute makes clear. "It shall be unlawful for an employer... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). See Thurston, supra, 469 U.S., at 120-125, 105 S.Ct., at 621-624 (affirming ADEA liability under disparate treatment theory). By contrast, we have never decided whether a disparate impact theory of liability is available under the ADEA, see Markham v. Geller, 451 U.S. 945, 101 S.Ct. 2028, 68 L.Ed.2d 332 (1981) (REHNQUIST, J., dissenting from denial of certiorari), and we need not do so here. Respondent claims only that he received disparate treatment. (Emphasis added).
Unlike Hazen, plaintiffs, in this case, have not pursued on appeal the trial court's ruling that there was no discriminatory motivation (disparate treatment) on the part of Tech. Thus, we are squarely faced with the question "never decided" by the Supreme Court of whether a disparate impact theory of liability is available under the ADEA. We further note that, like the Supreme Court, the Fifth Circuit has yet to rule on whether the adverse impact theory is available under the ADEA.
The disparate impact theory of discrimination was first recognized in a Title VII case by the Supreme Court in Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), and later codified in Title VII by the Civil Rights Act of 1991. See Pub.L. No. 102-166, § 3, 105 Stat. 1071 (1991). However, unlike Title VII, Congress has not amended the ADEA to include the disparate impact theory of liability.
In Rhodes v. Guiberson Oil Tools, 75 F.3d 989 (5th Cir.1996), Judge DeMoss, joined by two other judges in concurring/dissenting, interpreted the Supreme Court's opinion in Hazen Paper as saying that disparate impact is not available under the ADEA. Judge DeMoss cites Ellis v. United Airlines, Inc., 73 F.3d 999 (10th Cir.1996), and EEOC v. Francis W. Parker School, 41 F.3d 1073 (7th Cir.1994), as examples of other circuits following this interpretation.[2] He also found that because Congress and the Supreme Court treat the ADEA and Title VII as separate and distinct statutory provisions, the standards governing Title VII liability and ADEA liability are not, and need not, be identical, reasoning that if Congress had wanted the ADEA and Title VII to be interchangeable, they would repeal the ADEA and simply amend Title VII to include "age" as a protected characteristic.
Discriminatory motivations are clearly proscribed under the ADEA. Whether the ADEA covers discriminatory consequences is unresolved. The disparate impact theory was developed under Title VII of the Civil Rights Act of 1964. The ADEA was *1292 modeled after Title VII and traditionally interpreted by reference to Title VII.
Although Title VII has been used to interpret ADEA, the Supreme Court has stated that age discrimination is different from discrimination based on race and national origin. Stereotypes based on race and national origin are arbitrary and irrelevant to job performance. Employment decisions based on age, however, are sometimes justifiable. Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976).
Arguments for and against disparate impact liability in age discrimination claims have been cogently made by both sides. Because Congress amended Title VII making disparate impact part of the statutory scheme but did not amend the ADEA, and, considering the statements in Hazen Paper that disparate treatment captures the essence of what Congress sought to prohibit under the ADEA and that when an employer makes a decision based on factors other than age there is no violation of ADEA, we conclude that a disparate impact theory of discrimination is not cognizable under ADEA.
Plaintiffs also claimed that the trial court erred in holding that plaintiffs did not meet their burden even if disparate impact was actionable under the ADEA. As we have found that disparate impact is not viable under the ADEA, we do not reach this issue.

Conclusion
For the reasons expressed above, the trial court's judgment is AFFIRMED. Costs are assessed against plaintiffs-appellants.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, CARAWAY, KOSTELKA, DREW, JJ.
Rehearing denied.
NOTES
[1] Made defendants are Louisiana Tech University ("Tech") through the Board of Trustees for State Colleges and Universities and the Louisiana Board of Regents, ("State Boards").
[2] We note that the Sixth Circuit in Lyon v. Ohio Education Assoc., 53 F.3d 135 (6th Cir. 1995), held that disparate impact was not cognizable under the ADEA and Judge Greenberg of the Third Circuit expressed in DiBiase v. SmithKline Beecham Corp., 48 F.3d 719 (3d Cir.1995), cert. denied, 516 U.S. 916, 116 S.Ct. 306, 133 L.Ed.2d 210 (1995), that in the wake of Hazen Paper, it is doubtful that traditional disparate impact theory is a viable theory of liability under the ADEA.