IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30572
_____

JAMES G. HASTY,

                              Plaintiff-Appellant,

                    vs

LOCKHEED MARTIN CORPORATION;
LOCKHEED MARTIN CORPORATION
RETIREMENT INCOME PLAN; LOCKHEED
MARTIN SALARY SAVINGS PLAN,

                              Defendants-Appellees.


- - - - - - - - - -
Appeals from the United States District Court
for the Eastern District of Louisiana
98-CV-1950-S
- - - - - - - - - -
April 5, 2001

Before JOLLY, MAGILL[*], and BENAVIDES, Circuit Judges.

PER CURIAM:[**]

        James G. Hasty worked for Martin Marietta Company (now

Lockheed Martin) for ten years.  In 1992, Hasty was laid off due

to a reduction in the work force and chose to take early

retirement.  In June of 1994, Hasty began working for Kirk-Mayer,

Inc.  Kirk-Mayer contracted with Lockheed Martin to provide job

_____

        [*]  Circuit Judge of the Eighth Circuit, sitting by designation.

        [**]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

shoppers.  An independent contractor, Kirk-Mayer employed Hasty and placed him at Lockheed as a job shopper from June of 1994 until April of 1998.  Hasty signed an employment contract with Kirk-Mayer, receives 401(K) benefits from Kirk-Mayer and when he was receiving unemployment compensation, Hasty listed Kirk-Mayer as his employer.  Job shoppers are not eligible to participate in the Lockheed benefit plans (Plan) or to accrue benefits under the Plan because job shoppers are not an eligible class of employees under the Plan's definition of an employee for Plan purposes.

During Hasty's tenure as a job shopper, Lockheed issued Corporate Policy Statement 524 (CPS 524).  CPS 524 restricts retirees from working at a Lockheed facility for more than 999 hours in any twelve-month period without losing pension benefits.  Job shoppers are covered under CPS 524.  Thus, Hasty opted to leave his position as a job shopper because of CPS 524.

Hasty brought suit in district court claiming age discrimination under Louisiana law, breach of contract and tortious interference with a contract.  He also brought suit for additional benefits under the retirement plan, and interference with rights under § 510 of ERISA.  Hasty also requested certification of a class of similarly situated job shoppers.  The district court granted summary judgment in favor of Lockheed on all issues.

Hasty does not appeal the decision that he is not entitled to additional benefits under the Plan stemming from his time as a

job shopper at Lockheed. Hasty only appeals his claim of age discrimination under Louisiana law and § 510 of ERISA.[1]

After considering the briefs and record on appeal, we affirm the district court's decision. Even assuming the dubious proposition that Hasty is a Lockheed Martin employee and endured an adverse employment action, Hasty cannot prevail on his claim of age discrimination under Louisiana law. "The Louisiana [age discrimination] Act mirrors the federal ADEA and should be construed in light of federal precedent." *O'Boyle, et. al. v. Louisiana Tech University*, 741 So. 2d 1289, 1290 (1999)(citing *Taylor v. Oakbourne Country Club,* 663 So. 2d 379 (La. App. 3d Cir. 1995)); *See also* La. R.S. 23:302. Lockheed offered a nondiscriminatory reason for enacting CPS 524. *See McDonnell-Douglas v. Green*, 411 U.S. 792, 802-04 (1973). Hasty, however, does not sustain his burden to prove or create a fact issue that this reason is merely pretext for discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.*, 120 S. Ct. 2097, 2104-05 (2000).

With respect to his claim under § 510 of ERISA, Hasty contends that Lockheed discriminated against him in an attempt to

---

[1] Also at issue is the timeliness of Hasty's appeal. We find that because Mardi Gras is a legal holiday recognized in Orleans Parish, pursuant to a Lousiana state statue. *See* La R.S. 1:55 (A)(3). Hasty's appeal is timely filed pursuant to Rule 59 & 6(a) of the Federal Rules of Civil Procedure.

interfere with his rights under the Lockheed ERISA plan. *See* 29 U.S.C. § 1140. Hasty fails to show with which rights Lockheed interfered or that Lockheed had an intent to discriminate. *See Hines v. Mass. Mut. Life Ins. Co.*, 43 F.3d 207, 209 (5th Cir. 1995).

Finally, given that Hasty's claims failed based upon our review of the record and briefs on appeal, we find that the district court did not abuse its discretion by denying Hasty's request for class certification.

Accordingly, we AFFIRM in all respects the judgment of the district court.