**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2012

Lyle W. Cayce
Clerk

No. 11-30299

SHARON WALTON-LENTZ,

Plaintiff - Appellant

v.

INNOPHOS, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-601

Before JOLLY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This appeal under Federal Rule of Civil Procedure 54(b) (final judgment as to fewer than all claims or parties) concerns the summary judgment against Sharon Walton-Lentz' federal and state hostile-work-environment claims. AFFIRMED and REMANDED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30299

I.

Walton-Lentz, then 60 years of age, was terminated by Innophos, Inc., in October 2007, allegedly for taking excessive paid vacation. In January 2008, she filed an Equal Employment Opportunity Commission (EEOC) charge questionnaire, alleging, because of her age: reassignment of job responsibilities to a younger employee, pay reduction, and eventual termination. That March, she filed an EEOC charge of discrimination, stating she had been terminated in retaliation for her complaints of age-based "discriminatory practices".

On 27 August 2008, she filed this action in state court, alleging, *inter alia*: reassignment of job responsibilities to a younger employee and pay reduction, beginning in January 2007; explanations to her that her responsibilities were reassigned because she would be retiring in three to four years; "repeated comments" by her supervisor that she was getting older and needed to retire; failure by Innophos to remedy "the situation in [her] work environment"; and, termination shortly after discussing her complaints with Human Resources at Innophos.

Upon those allegations, her state-court petition stated claims for: age-based harassment, in the form of a hostile work environment, under the Age Discrimination in Employment Act (ADEA) and Louisiana statute; age-based discrimination, under the ADEA and Louisiana statute; retaliation, under the ADEA; and reprisal, under the Louisiana whistleblower statute. This action was removed to federal court. Upon receiving a right-to-sue letter from the EEOC, Walton-Lentz filed an amended complaint, adding a claim under Title VII of the Civil Rights Act of 1964.

Innophos was denied summary judgment on the federal claim of retaliation. It was awarded summary judgment on the remaining claims, including the federal and state hostile-work-environment claims. Those claims stem from the petition's allegations of "repeated comments" and "the situation

2

No. 11-30299

in [Walton-Lentz'] work environment". (The district court's Order and Judgment and its underlying Memorandum Ruling refer to these claims both as "harassment" and "hostile work environment". They are referenced here as the latter.)

In ruling against the federal and state hostile-work-environment claims, the court concluded that Walton-Lentz had failed to exhaust her administrative remedies because her EEOC charge did not allege a hostile work environment. "[T]he issue of whether . . . these claims were included within the scope of plaintiff's EEOC charge" was certified under Rule 54(b) for immediate appeal. *Walton-Lentz v. Innophos, Inc.*, 2011 WL 721491, at *15 (M.D. La. 22 Feb. 2011) (Ruling); *see also Walton-Lentz*, No. 3:08-CV-601, Order and Judgment, at 1 (22 Feb. 2011); Fed. R. Civ. P. 54(b). (It goes without saying that, for the other claims against which summary judgment was rendered, an appeal may be taken when a final judgment is entered following remand and disposition of the only claim for which summary judgment was not awarded:  the federal claim of retaliation.)

## II.

A summary judgment is reviewed *de novo*. *E.g.*, *Young v. Merrill Lynch & Co.*, 658 F.3d 436, 440 (5th Cir. 2011). It is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). Walton-Lentz' federal hostile-work-environment claim is addressed first, followed by her similar state claim.

## A.

Under the ADEA, an employee may seek judicial relief against discriminatory employment practices based on age. 29 U.S.C. § 626(c). As a precondition, however, the employee must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. 29 U.S.C. § 626(d). The administrative-exhaustion requirement is also considered met for any other

No. 11-30299

claims within "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination". *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (internal quotation marks omitted). This rule serves "to trigger the investigatory and conciliatory procedures of the EEOC" without keeping unsophisticated complainants out of court on technicalities. *Id.* at 788-89.

Walton-Lentz' January 2008 response in the EEOC charge questionnaire stated:

> My job responsibilities were reduced and transferred to a younger employee. Salary step-up and overtime were also eliminated and transferred to a younger employee. Reason given for these actions was "You will be retiring in 3-4 years". Since my termination a new employee has been hired to replace me. *This is age discrimination.*

(Emphasis added.) Her March 2008 EEOC charge, in turn, stated: "I believe that [Innophos] has violated the [ADEA] by *discharging me in retaliation* for complaining about protected activity based on my age (60)." (Emphasis added.)

After reviewing those documents, the district court concluded: they "clearly provided notice to [Innophos] that [Walton-Lentz] *alleged age discrimination and retaliatory discharge*"; they "did not, however, provide notice to [Innophos] that [Walton-Lentz] *also alleged the existence of a hostile work environment based on a protracted history of age-related verbal harassment*". Ruling at 9-10 (emphasis added).

The Supreme Court has recognized as actionable, in addition to the discrimination and retaliation proscribed expressly by the ADEA and Title VII, *quid-pro-quo* harassment and hostile-work-environment harassment. *See, e.g.*, *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986) (construing Title VII). These claims are not duplicative; rather, each represents a more or less distinct factual scenario.

No. 11-30299

Relevantly, a hostile-work-environment claim must be supported by harassment "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment". *Id.* at 67 (alteration in original and internal quotation marks omitted). Accordingly, *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011), held a hostile-work-environment claim is cognizable under ADEA, with "[a] workplace environment [being] hostile [under the ADEA] when it is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment". (Internal quotation marks omitted.)

Therefore, the district court did not err in concluding: "[Walton-Lentz'] failure to mention these particular [hostile-work-environment] claims [in her EEOC charges] . . . is not in the nature of a technical charge deformity, but more in the nature of a failure to allege facts that require no artful drafting or specialized skill". Ruling at 11. (Walton-Lentz' being represented by counsel in filing her EEOC charges further supports the district court's ruling.)

A hostile-work-environment claim could not "reasonably be expected to grow out of" Walton-Lentz' EEOC charges. *Pacheco*, 448 F.3d at 789 (internal quotation marks omitted). Therefore, because she did not exhaust her administrative remedies for her federal hostile-work-environment claim, summary judgment against that claim was proper.

B.

1.

Summary judgment against Walton-Lentz' state hostile-work-environment claim likewise was granted because the claim "was not fairly included in the scope of her requisite EEOC charge". Order and Judgment at 1. Innophos concedes, however, that the Louisiana Employment Discrimination Law (LEDL), La. Rev. Stat. § 23:303 (cause of action, conditions), requires no federal or state

No. 11-30299

administrative charge as a precondition to a civil action.   Thus, granting summary judgment, based on failure to exhaust administrative remedies, against Walton-Lentz' state hostile-work-environment claim was improper.

2.

Innophos nevertheless urges affirmance, based on prescription, of the summary judgment against this state-law claim.  As discussed *infra*, summary judgment against a claim, certified as final under Rule 54(b), may be affirmed on any grounds supported by the record and presented to the district court.  *E.g.*, *Doctor's Hosp. of Jefferson, Inc. v. Se. Med. Alliance, Inc.*, 123 F.3d 301, 307 (5th Cir. 1997).  Although, as discussed above, the district court decided the state hostile-work-environment claim on administrative-exhaustion grounds, it also addressed, "out of an abundance of caution", whether the state and federal claims were time-barred.  Ruling at 14.  Again, review is *de novo.*

Louisiana is a "deferral State" for purposes of the ADEA–a State with a law prohibiting age-based employment discrimination and with an agency from which an employee may seek relief.  29 U.S.C. § 633(b).  As a result, an EEOC charge may be filed up to 300 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d)(1)(B).  More important for present purposes, the LEDL suspends its one-year prescription period for up to six months during any investigation by the EEOC of the claim at issue.  La. Rev. Stat. § 23:303(D).

Based on its "assuming" Walton-Lentz suffered harassment until her August 2007 meeting with Human Resources, the district court concluded that her state hostile-work-environment claim would have been timely, "had [her] claim for [hostile work environment] been included within the scope of her EEOC charge". Ruling at 15. On the other hand, the court expressed no opinion on the timeliness of the state claim in the light of, as the court concluded, its not being within the scope of the EEOC charge, in which event the one-year prescription period would not have been suspended.  At the conclusion of its

No. 11-30299

Ruling and also in the Order and Judgment, certified under Rule 54(b) for immediate appeal was only "whether . . . these [federal and state hostile-work-environment] claims were included within the scope of plaintiff's EEOC charge". Ruling at 35.

This is not a 28 U.S.C. § 1292(b) interlocutory appeal, for which our jurisdiction would be limited to the scope of the certification. It is, rather, a final judgment for the federal and state hostile-work-environment claims, certified under Rule 54(b) for immediate appeal, for which our court has jurisdiction pursuant to 28 U.S.C. § 1291. *E.g.*, *Doctor's Hosp.*, 123 F.3d at 307 n.10. For the below-discussed reasons, the Rule 54(b) judgment against the state hostile-work-environment claim is affirmed on alternative grounds: prescription.

In her deposition, Walton-Lentz testified she was told by her supervisor in February 2007 that her responsibilities had been reassigned because she "would be retiring in three to four years". When asked the time period for conversations with this supervisor in which her retirement was referenced, she responded: "Toward the end he avoided me, so it would be before the beginning of the year [2007] and we had the meeting in February [2007] and then up until the time I met with [Human Resources]." That meeting with Human Resources occurred on 22 and 23 August 2007 (as noted, this action was filed on 27 August 2008), and Walton-Lentz presented no evidence that the requisite severe or pervasive harassment occurred after that meeting. Nor does Walton-Lentz' deposition testimony about "ongoing" conversations with co-workers regarding when she would retire constitute the requisite severe or pervasive harassment.

Walton-Lentz' opening brief does not address this prescription issue; nor did she file a reply brief responding to Innophos' presentation of the issue. When asked at oral argument here whether her state hostile-work-environment claim was timely, assuming the LEDL's one-year prescription period was not suspended by any EEOC investigation into the claim, counsel maintained the

No. 11-30299

latest instance of harassment occurred when, in September 2007, Walton-Lentz' supervisor allegedly initiated an investigation into her excessive paid vacation.

Generally, contentions raised for the first time at oral argument are not considered. *E.g.*, *Madison v. Chalmette Ref., L.L.C.*, 637 F.3d 551, 555 (5th Cir. 2011). In any event, that excessive-paid-vacation investigation is not the type of conduct actionable under a hostile-work-environment claim. *E.g.*, *Dediol*, 655 F.3d at 441; *see also O'Boyle v. La. Tech. Univ.*, 741 So. 2d 1289, 1290 (La. Ct. App. 1999) (Louisiana Act construed in the light of federal precedent). The federal retaliatory-discharge claim is pending in district court. That claim encompasses the conduct of Walton-Lentz' supervisor relating to her termination.

In sum, because, as discussed in part II.A., a hostile-work-environment claim could not reasonably be expected to grow out of Walton-Lentz' EEOC charge, the one-year prescription period for her state hostile-work-environment claim was *not* suspended during the subsequent EEOC investigation; and, because she testified the alleged harassment occurred up until 23 August 2007, the state-law prescription period expired on 23 August 2008, four days before she filed this action. On this alternative ground, the Rule 54(b) judgment against the state hostile-work-environment claim is proper.

III.

For the foregoing reasons, the Rule 54(b) judgment (regarding only the federal and state hostile-work-environment claims) is AFFIRMED; this matter is REMANDED for further proceedings consistent with this opinion.