# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3638

_____

Stephen L. Langlie,

    Plaintiff - Appellant,

v.

Onan Corporation,

    Defendant - Appellee.

Appeal from the United States
District Court for the
District of Minnesota.

_____

Submitted:  June 18, 1999

Filed:   September 30, 1999

_____

Before LOKEN, BRIGHT, and ROSS, Circuit Judges.

_____

LOKEN, Circuit Judge.

In late 1995, Onan Corporation implemented a reduction in force and eliminated the position of Stephen L. Langlie, a 62-year-old employee. Langlie commenced this action, alleging unlawful age discrimination and retaliation. After trial, a jury found that Langlie was not discharged on account of his age, and the district court[1] found insufficient evidence of unlawful retaliation. Langlie appeals, arguing there was overwhelming evidence of age discrimination and retaliation for his years of informal

_____

[1]The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota.

protests against adverse changes in Onan's pension plan benefits. He also argues there were prejudicial evidentiary and jury instruction errors by the district court. We affirm.

## I.  The Jury's Age Discrimination Verdict.

Langlie argues the district court erred in denying his post-trial motion for judgment as a matter of law or a new trial because the jury verdict is contrary to the great weight of evidence showing that age was a motivating factor in Onan's decision to eliminate Langlie's position. We review the evidence in the light most favorable to the jury's verdict and affirm unless that evidence "is susceptible of no reasonable inference sustaining the jury's determination." Jones Truck Lines, Inc. v. Full Service Leasing Corp., 83 F.3d 253, 257 (8th Cir. 1996). Our focus is primarily on the jury's resolution of the ultimate question of fact -- whether Onan intentionally discriminated against Langlie on account of his age. See Ryther v. Kare 11, 108 F.3d 832, 849 (8th Cir.) (en banc) (Loken, J., writing for a majority on this issue), cert. denied, 521 U.S. 1119 (1997).

Onan presented evidence that, after its parent company mandated a ten percent reduction in force, Onan decided to eliminate one engineering position in Langlie's department. Langlie was chosen after an objective evaluation of all the engineers because he had a relatively low performance ranking, his projects were substantially completed, and he lacked design and computer skills necessary for future work. There was evidence that Langlie survived earlier reductions in force in 1985, 1989, 1992, and 1994 in which younger employees were terminated. In addition, when Langlie refused to move with his department to Alabama in 1993, Onan transferred him to another department rather than terminate him. Langlie presented evidence that he was qualified to replace another engineer, his projects were not substantially completed, he had a favorable performance review in April 1995, and Onan's performance rankings for the reduction in force were subjective. He also testified that Onan denied him computer training it made available to younger employees and delayed providing updated

computer equipment. Viewing the trial evidence as a whole, we agree with the district court that the evidence was more than sufficient to permit the jury reasonably to find in favor of Onan on Langlie's age discrimination claim. See generally Holley v. Sanyo Mfg., Inc., 771 F.2d 1161 (8th Cir. 1985). His motion for judgment as a matter of law or for a new trial was properly denied. See Jones Truck Lines, 83 F.3d at 258 (denial of new trial based on sufficiency of the evidence is "virtually unassailable on appeal").

## II. The Disparate Impact Directed Verdict.

Langlie appeals the district court's refusal to submit his disparate impact age discrimination claim to the jury. Disparate impact claims challenge "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one [protected] group . . . without adequate justification." Houghton v. SIPCO, Inc., 38 F.3d 953, 958 (8th Cir. 1994). "To prove discrimination under this theory, a plaintiff must identify . . . a facially-neutral employment practice, demonstrate a disparate impact upon the group to which he or she belongs, and prove causation." Lewis v. Aerospace Community Credit Union, 114 F.3d 745, 750 (8th Cir. 1997), cert. denied, 118 S.Ct. 1392 (1998). To prove a prima facie case of causation, "plaintiff must offer statistical evidence of a kind and degree sufficient" to raise an inference that the practice in question has caused significant adverse effects on the members of a protected group because of their membership in the group. Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994 (1988).

On appeal, Langlie relies upon the trial testimony of his expert statistician, who analyzed Onan's terminations between 1992 and 1997 and opined that older engineers were involuntarily terminated more often than would be expected compared to Onan's younger engineers. However, Langlie failed to link this testimony to a facially neutral employment practice. He refers in his brief generally to Onan's reduction-in-force decisions, citing Thomas v. First Nat'l Bank of Wynne, 111 F.3d 64, 66 (8th Cir. 1997). But he was terminated in the 1995 reduction. Statistics based upon all

terminations from 1992 to 1997 do not measure the impact on Onan's work force of that specific reduction, and Langlie has not cited evidence that the 1995 reduction in force had a disparate impact on Onan's older employees. To the extent that he also relies on the distinct argument he made to the district court -- that Onan's use of performance improvement plans had a disparate impact on its older workers -- we agree with the court that he did not prove a substantial statistical disparity. Thus, we agree with the district court that Langlie failed to present a prima facie case of disparate impact discrimination.

### III. The ERISA Retaliation Claim.

In the late 1980's, Onan made changes to its pension plan. Langlie filed a complaint with the Minnesota Department of Human Rights and then became a leader of a group of employees who complained internally to Onan management that these changes would reduce the pension benefits that Onan previously led its older workers to expect. When Onan did not rescind the changes, the group took their complaints to the United States Department of Labor, the Internal Revenue Service, the EEOC, and members of Congress. These protest activities continued into 1995, the year of Langlie's termination. He claims that the termination violated § 510 of the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, which provides that it is unlawful "to discharge . . . a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan."

It is an open issue in this Circuit whether § 510 protects informal complaints or protests relating to plan changes that a participant reasonably believes to be illegal. See Rath v. Selection Research, Inc., 978 F.2d 1087, 1089 (8th Cir. 1992). After considering Langlie's evidence at trial, the district court assumed that § 510 provides a claim for retaliation based on informal protests and ruled that Langlie's claim fails because there is insufficient evidence Onan retaliated against Langlie for his years of protesting Onan's pension plan changes. "[I]t beggars the imagination," the court

explained, "that it took [Onan] years to get rid of a troublemaker if the troublemaker they were unhappy about was complaining about an ERISA plan."

On appeal, Langlie argues that § 510 encompasses retaliation against informal complaints and protests and therefore his retaliation claim should have been submitted to the jury. However, there is no right to a jury trial under ERISA. See Houghton, 38 F.3d at 957. The district court found that Langlie was not terminated in retaliation for his complaints about pension plan changes. This finding is not clearly erroneous given the evidence that Langlie began to question pension changes in 1988 and survived numerous reductions in force in the ensuing years despite continuing his informal but vigorous protests. See Figgous v. Allied/Bendix Corp., 906 F.2d 360, 362 (8th Cir. 1990) (standard of review). Accordingly, without reaching the issue of law we left open in Rath, we affirm the dismissal of Langlie's ERISA retaliation claim.

## IV. Instruction and Evidence Issues.

Langlie argues the district court erred in instructing the jury, "You may not return a verdict for plaintiff just because you might disagree with defendant's conduct or believe it was harsh or unreasonable." This is Instruction 5.94 from the MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE EIGHTH CIRCUIT (1998), the Business Judgment instruction. We have expressly held that, in employment discrimination and retaliation cases, "a business judgment instruction is crucial to a fair presentation of the case, and the district court must offer it whenever it is proffered by the defendant." Scamardo v. Scott County, 1999 WL 619056, at *3 (8th Cir. Aug. 17, 1999). The district court did not abuse its discretion in giving this instruction and in declining to give additional instructions proposed by Langlie.

Langlie argues the district court abused its discretion by limiting employee testimony about adverse treatment by Onan, excluding charts prepared by Langlie showing the adverse impact of Onan's practices on employees over forty, excluding

evidence of Onan's hiring and firing of employees in 1996, and restricting his testimony relating to pension plan protesting. However, with the exception of one letter to a United States Senator, which was excluded as cumulative or irrelevant hearsay, Langlie does not cite to the record where he offered this evidence, as Fed. R. App. P. 28(a)(7) requires. Therefore, he has not established that the court committed a clear and prejudicial abuse of discretion. See Hastings v. Boston Mut. Life Ins. Co., 975 F.2d 506, 510 (8th Cir. 1992) (standard of review).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.