Robert THOMAS, in his capacity as the personal representative of the Estate of Carol Thomas, Plaintiff–Appellant,

v.

OREGON FRUIT PRODUCTS COMPANY, an Oregon corporation; Reliance Standard Life Insurance Company, an Illinois corporation, Defendants–Appellees.

No. 98–36065.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2000

Filed Oct. 5, 2000

J. Michael Alexander, Burt, Swanson, Lathen, Alexander & McCann, PC, Salem, Oregon, for the plaintiff-appellant.

R. Daniel Lindahl, Bullivant, Houser, Bailey, Portland, Oregon, for the defendants-appellees.

Before: SCHROEDER, HAWKINS and FISHER, Circuit Judges.

FISHER, Circuit Judge:

Carol Thomas appeals the district court's determination that Reliance Standard Life Insurance Company ("Reliance") did not abuse its discretion in denying her application for long-term disability benefits.[1] On appeal, Thomas' principal arguments are that the district court applied an incorrect standard of review—abuse of discretion, rather than *de novo*—and that she had a right to a trial by jury because her claim is legal in nature. The district court had jurisdiction over Thomas' Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., claim under 29 U.S.C. § 1132(e), and we have jurisdiction to review the district court proceedings, *see* 28 U.S.C. § 1291. In light of *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 120 S.Ct. 398, 145 L.Ed.2d 310 (1999), we agree that the district court used an erroneous standard of review in evaluating Reliance's benefits decision; therefore, we remand to the district court for *de novo* review of Thomas' claim. We conclude, however, that Thom-

---

1. We note that Thomas' employer, Oregon Fruit Products Co., is also an appellee, and that Carol Thomas died while this appeal was pending. For ease of discussion, however, we refer to Thomas (rather than her husband, Robert Thomas, who is before us as her personal representative) and Reliance as the parties on appeal.

as is not entitled to a jury trial upon remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Carol Thomas began working at Oregon Fruit Products Co. ("Oregon Fruit") on June 3, 1993. Oregon Fruit offered long-term disability benefits to its eligible employees, and Thomas became eligible for such benefits on July 1, 1993.

On June 22, 1994 (less than one year after becoming eligible for benefits), Thomas ceased work due to bronchitis. In early July (more than one year after becoming eligible for benefits), Thomas' condition worsened and she was hospitalized for treatment. Thomas' employer terminated her on July 18, 1994. Thomas had not returned to work between June 22 and July 18. On the day following her termination, Thomas' doctor determined that she could not return to work because of her worsening myasthenia gravis (a condition she has had since 1979).

Oregon Fruit's employee benefits were provided through a Group Life, Accidental Death & Dismemberment, and Long Term Disability Insurance Policy issued by Reliance (the "Policy"). On October 7, 1994, Thomas filed a claim for long-term disability benefits. Reliance rejected Thomas' claim, finding that her disability was caused by a pre-existing condition and that the Policy contained an exclusion for such conditions.[2]

Thomas contested Reliance's denial of her claim. She did not dispute Reliance's finding that her myasthenia gravis constituted a pre-existing condition under the terms of the Policy, but argued that her absence from work during June and early July due to bronchitis was unrelated to her myasthenia gravis. As additional support for her request for reconsideration, Thomas submitted letters from two physicians, both of whom stated explicitly that her

bronchitis was not caused by myasthenia gravis. Despite the additional evidence, Reliance again rejected Thomas' claim. Reliance based its decision on the fact that, when she was admitted to the hospital on July 4, Thomas' diagnosis was "acute bronchitis related to her myasthenia gravis."

Thomas filed suit in Oregon state court, seeking damages in the amount of her lost benefits from September 19, 1994 and a determination that she was entitled to future benefits. Reliance removed the case to federal court and sought summary judgment. The district court granted Reliance's third summary judgment motion. The district court concluded that, as long as Reliance had considered the contrary opinion of Thomas' doctors when making its coverage decision, Reliance had not abused its discretion in discrediting those opinions and denying Thomas' claim.

## DISCUSSION

### I. *Standard of Review*

■ "[A] denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The principal issue on appeal is whether the district court erred in reviewing Reliance's decision for abuse of discretion based on its conclusion that the Policy granted Reliance discretionary authority. We review the district court's grant of summary judgment *de novo*. See *Lang v. Long–Term Disability Plan,* 125 F.3d 794, 797 (9th Cir.1997). We also review *de novo* Thomas' "contention that the district court did not apply the proper standard of review." *McDaniel v. Chevron Corp.,* 203 F.3d 1099, 1107 (9th Cir.2000).

**2.** The Policy's pre-existing conditions provisions provided that benefits would not be paid for a disability resulting from or caused by such a condition unless the employee had

been insured as an employee of Oregon Fruit for at least one year and one day when the disability commenced.

■ Our consideration of Thomas' claim is guided by our recent en banc decision, *Kearney v. Standard Ins. Co.*, in which we held that district courts must review claims *de novo* unless the discretion to grant or deny claims is "unambiguously retained" by a plan administrator or fiduciary. 175 F.3d at 1090 (quoting *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1325 (9th Cir.1992)). We concluded that *unambiguous* retention of discretion by an administrator or fiduciary is required because of the well-settled rule of policy interpretation dictating that "ambiguities are construed in favor of the insured." *Id.* Applying this principle to the plan at issue in that case, we held that a policy that conditions payment of benefits on the "receipt of satisfactory written proof" of disability is ambiguous because it is susceptible of at least three interpretations, two of which would *not* confer absolute discretion on the administrator or fiduciary. *Id.* at 1089–90 (quoting benefit plan) (internal quotation marks omitted).

■ The Policy provision at issue in this case is substantially similar. The Policy establishes that benefits will be paid only upon submission of "satisfactory proof of Total Disability to us." The only material distinction between this provision and the provision found to be ambiguous in *Kearney* is the inclusion of the words "to us." Reliance, which carries the burden of showing that the Policy is unambiguous, *see id.* at 1089, argues that this additional language resolves the ambiguity in its favor. We do not agree. The additional language has the opposite effect because it is unclear what the phrase "to us" is intended to modify. One possible interpretation is that the submitted proof must be

"satisfactory to us" (Reliance), thereby *arguably* conferring discretion on Reliance. Another interpretation, however, is that proof "satisfactory" (to a reasonable person) must be submitted "to us" (Reliance). Under the latter interpretation, the Policy does not grant Reliance discretion.[3] We therefore hold that the Policy does not unambiguously grant Reliance discretion to evaluate claims as it sees fit. As in *Kearney*, the district court should have reviewed Thomas' claim *de novo*.

Our holding is buttressed by *Sandy v. Reliance Standard Life Ins. Co.*, 222 F.3d 1202 (9th Cir.2000), a decision filed by this court subsequent to submission of Thomas' appeal. *Sandy* analyzed a provision substantially similar to the Policy's provision and held that the provision was ambiguous.[4] *See id.* We reasoned in *Sandy* that the language utilized by Reliance is not sufficiently distinguishable from *Kearney* to justify a different result. *See id.* ("Reliance argues that its 'satisfactory proof' language is different from Standard's in *Kearney*, and it is—but not meaningfully so.").

Reliance stresses that our interpretation directly conflicts with *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376 (6th Cir.1996), in which the Sixth Circuit interpreted the exact language included in the Policy and held that the abuse of discretion standard applied. *See id.* at 380–81. However, in *Yeager*, the Sixth Circuit's decision was based on its conclusion that "[a] determination that evidence is satisfactory is a subjective judgment that requires a plan administrator to exercise its discretion." *Id.* at 381. That conclusion is not sufficient under *Kearney*, which establishes that a subjective provision must clearly confer discretion *and* define the

---

3. Comparison to a provision found to be unambiguous post-*Kearney* is instructive. In *Friedrich v. Intel Corp.*, 181 F.3d 1105 (9th Cir.1999), we found that the following language constituted an unambiguous grant of discretion: "Intel 'shall have the sole discretion to interpret the terms of the Plan and to determine eligibility for benefits.'" *Id.* at 1110 n. 5 (quoting Intel's benefits plan). Re-

liance's Policy clearly lacks the straightforward language now required by this court.

4. In fact, the two provisions might be identical. We are unable to determine whether the two provisions are, in fact, identical because the entire provision at issue in *Sandy* is not set forth in the decision.

scope of that discretion in order to be considered unambiguous. *See Kearney*, 175 F.3d at 1090.

■ The district court, which decided this case pre-*Kearney* and therefore proceeded without its guidance, incorrectly reviewed Reliance's decision for an abuse of discretion. Under that standard, the district court was required to review Reliance's factual findings for clear error. *See Taft v. Equitable Life Assurance*, 9 F.3d 1469, 1473 (9th Cir.1994) (amended opinion) ("[A]n administrator ... abuses its discretion if it relies on clearly erroneous findings of fact in making benefit determinations."). Under *de novo* review, however, the district court would have been able to conduct a much broader review, considering anew both the legal and factual aspects of Thomas' claim. *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1069 (9th Cir. 1999). Accordingly, we must reverse the summary judgment and remand unless we conclude that the record fails to establish a genuine issue of fact to be resolved by the district court. *See Kearney*, 175 F.3d at 1093–94.

■ Remand is appropriate because a genuine issue of fact does exist as to whether Thomas' bronchitis and her resulting absence from work were related to her pre-existing condition, myasthenia gravis. At least two of Thomas' physicians believed they were not. On the other hand, prior medical records and diagnoses support Reliance's conclusion that myasthenia gravis was the cause of Thomas' bronchitis. We therefore reverse the district court's grant of summary judgment and remand for a *de novo* review of Thomas' claim.

II. *Jury Trial*

■ Thomas also contends that the district court erred in concluding she was not entitled to a jury trial. The district court rejected Thomas' argument that her claim is legal in nature, finding instead

that Thomas sought equitable remedies. Thomas' entitlement to a jury trial is a question of law, which we review *de novo*. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998).

Thomas acknowledges that *Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1985), *abrogation on other grounds recognized by Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889, 894 n. 4 (9th Cir.1990), established that there is no "independent constitutional or statutory right to jury trial in ERISA actions." *Id.* at 1357 (suit regarding denial of welfare plan benefits); *see also Nevill v. Shell Oil Co.*, 835 F.2d 209, 212–13 (suit involving denial of severance benefits). She argues, however, that *Spinelli v. Gaughan*, 12 F.3d 853 (9th Cir. 1993), called into question the holding of *Blau* and recognized a right to jury trial in certain ERISA cases, depending on the type of relief sought. We read *Spinelli* differently.

In *Spinelli*, this court was called upon to reevaluate the right to a jury trial in ERISA cases in light of intervening Supreme Court Seventh Amendment decisions, including *Chauffeurs, Teamsters & Helpers Local, No. 391 v. Terry*, 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990), *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), and *Tull v. United States*, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). *See Spinelli*, 12 F.3d at 855. Following the Supreme Court's guidance, we determined that an ERISA plaintiff is entitled to a jury trial if (1) the nature of his or her claim is analogous to a common law suit and (2) the remedy provided is legal (as opposed to equitable) in nature. *See id.* We emphasized, as has the Supreme Court, that the second of these inquiries is more important than the first, *see id.*, and concluded that Spinelli was not entitled to a jury trial because Congress limited the remedies available for her section 510 unlawful discharge claim to those available in equity, *see id.* at 858.[5]

**5.** Section 510 of ERISA establishes that it is "unlawful for any person to discharge ... a

participant or beneficiary for exercising any

Although it is true that *Spinelli* reconsidered *Blau*, the effect of our holding in *Spinelli* was to reaffirm the principle set forth in the prior decision—namely, that plan participants and beneficiaries are not entitled to jury trials for claims brought under, or preempted by, section 502 of ERISA. In *Spinelli*, we focused on the remedy provided by subsection 502(a)(3), which "authorizes an aggrieved participant or beneficiary to bring a civil action '(A) to enjoin any [violative] act or practice ..., or (B) to obtain other appropriate equitable relief....'" *Id.* at 856 (quoting 29 U.S.C. § 1132(a)(3)) (alterations in original). Yet Spinelli also had a right to seek relief under subsection 502(a)(1)(B), which authorizes a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[,]" 29 U.S.C. § 1132(a)(1)(B), or any other applicable subsection of section 502, *see id.* § 1140 ("The provisions of [section 502 of ERISA] shall be applicable in the enforcement of this section."). Accordingly, when we concluded in *Spinelli* that "Congress could properly limit Spinelli's remedies under ERISA to those available in equity," that Congress, "[h]aving done so, ... created a right that is essentially equitable in nature" and that "[t]herefore a jury trial was not required," 12 F.3d at 858, our holding applied equally to all claims by participants and beneficiaries seeking remedies under section 502.

Moreover, even if we were to read *Spinelli* differently than we do, *Kearney* dictates our rejection of Thomas' demand for a jury trial. *Kearney* clarifies that participants and beneficiaries claiming benefits under ERISA are not entitled to "full trial[s] de novo" because such trials would undermine the policies behind ERISA. 175 F.3d at 1094. Rather, *Kearney* created a "novel form of trial," in which the district court, subject to its discretion to consider additional evidence under limited circumstances, is to conduct "a bench trial on the record." *Id.* at 1095 & n. 4. Thomas' claim that she is entitled to a trial by jury is directly at odds with our en banc determination that the appropriate manner to evaluate ERISA benefits claims is not only a bench trial, but a *specialized* form of bench trial.

We also note that every other circuit that has considered this issue post-*Terry*, *Granfinanciera* and *Tull* has reached the same conclusion we reached in *Spinelli*. *See, e.g., Hampers v. W.R. Grace & Co.,* 202 F.3d 44, 54 (1st Cir.2000) ("[T]he district court did not err in finding [plaintiff's] state law claim ... preempted and denying his demand for a jury trial."); *Langlie v. Onan Corp.,* 192 F.3d 1137, 1141 (8th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 1719, 146 L.Ed.2d 641 (2000) ("[T]here is no right to a jury trial under ERISA."); *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 616 (6th Cir.1998) ("Because [plaintiff] has no cause of action for which money damages are a recognized remedy, we view his appeal as one from the denial of benefits and conclude that the district court properly denied his motion for a jury trial."); *Adams v. Cyprus Amax Minerals Co.,* 149 F.3d 1156, 1162 (10th Cir.1998) ("As we conclude the nature of the issues involved and the remedy sought in this ERISA, § 1132(a)(1)(B) action are equitable in nature, we hold the Seventh Amendment provides no right to a jury trial."); *Broaddus v. Florida Power Corp.,* 145 F.3d 1283, 1287 n. ** (11th Cir.1998) ("Relief under ERISA is limited to equitable remedies."); *Tischmann v. ITT/Sheraton Corp.,* 145 F.3d 561, 568 (2d Cir.), *cert. denied,* 525 U.S. 963, 119 S.Ct. 406, 142 L.Ed.2d 329 (1998) ("[C]ases involving ERISA benefits are inherently equitable in nature, not contractual, and ... no right to jury trial attaches to such claims.") (quoting *DeFelice v. American Int'l Life Assurance Co. of New York,* 112 F.3d 61, 64 (2d

right to which he is entitled under the provisions of an employee benefit plan...." 29 U.S.C. § 1140.

Cir.1997)) (internal quotation marks omitted); *Mathews v. Sears Pension Plan,* 144 F.3d 461, 468 (7th Cir.), *cert. denied,* 525 U.S. 1054, 119 S.Ct. 618, 142 L.Ed.2d 557 (1998) ("[T]here is no right to a jury trial in an ERISA case...."); *Borst v. Chevron Corp.,* 36 F.3d 1308, 1324 (5th Cir. 1994) (noting that the Supreme Court has "made clear that a request for monetary recovery sounds in equity, and thus does not guarantee a jury trial, when it is restitutionary in nature"); *Biggers v. Wittek Indus., Inc.,* 4 F.3d 291, 298 (4th Cir.1993) ("Because ERISA preempts [plaintiff's] common law contract claim, his claim should have been tried by the court under the principles of ERISA, rather than before the jury under Illinois contract law."); *see also Cox v. Keystone Carbon Co.,* 894 F.2d 647 (3d Cir.1990) (concluding, pre-*Terry* but post-*Granfinanciera* and *Tull,* that claims for benefits under section 502(a)(1)(B) are equitable in nature and therefore that no jury trial exists with respect to such claims).

■ For these reasons, we hold that the remedies available to a participant or beneficiary under ERISA are equitable in nature and the Seventh Amendment does not require that a jury trial be afforded for claims made by participants or beneficiaries. The district court properly rejected Thomas' demand for a jury trial.

III. *Additional Evidence*

The district court did not allow Thomas to introduce additional evidence regarding the disputed factual issue—the relation of her myasthenia gravis to her bronchitis. Thomas argues that the district court erred in refusing to allow her to introduce such evidence.

■ The district court reviewed Reliance's coverage decision for an abuse of discretion. Under that standard, the district court correctly determined that additional evidence could not be considered. In *Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469 (9th Cir.1994), this court explained that "[p]ermitting a district court to examine evidence outside the adminis-

trative record would open the door to the anomalous conclusion that a plan administrator abused its discretion by failing to consider evidence not before it." *Id.* at 1472.

■ Upon remand, however, the same bar against the introduction of additional evidence will not apply. As we explained in *Kearney,* when reviewing a genuine issue of fact *de novo,* the district court has discretion, subject to the guidelines set forth in *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan,* 46 F.3d 938 (9th Cir.1995), to consider additional evidence. *See Kearney,* 175 F.3d at 1094–95. Under *Mongeluzo,* such evidence should be considered "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Mongeluzo,* 46 F.3d at 944 (quoting *Quesinberry v. Life Ins. Co. of North America,* 987 F.2d 1017, 1025 (4th Cir.1993) (en banc)) (internal quotation marks omitted). The district court might find this case to be one in which additional evidence would be helpful, particularly given that the credibility of Thomas' physicians is at issue. *See Quesinberry,* 987 F.2d at 1027 ("Exceptional circumstances that may warrant an exercise of the court's discretion to allow additional evidence include ... issues regarding the credibility of medical experts...."). We leave this determination to the district court.

IV. *Additional Issues Presented on Appeal*

Based on our conclusion that Thomas' claim must be reviewed *de novo,* we find it unnecessary to consider several other issues raised on appeal. First, we do not consider whether the district court erred in concluding that Reliance did not abuse its discretion in denying her claim. Regardless, the claim is entitled to *de novo* review by the district court. Nor do we explore Thomas' contention that we should apply a less deferential standard in a case such as this, where claim decisions are

vested in an insurer that has an inherent conflict of interest due to its dual status as fiduciary and payor. *Cf. Kearney,* 175 F.3d at 1090 n. 2 ("Because we conclude that Kearney is entitled to de novo review, which gives no deference at all to [the insurer's] decision, we do not reach the question whether he would be entitled to less deferential review were he entitled only to review for abuse of discretion."). Finally, we do not address Thomas' arguments that her due process rights were violated by Reliance's review procedure and by the district court's remand of the case to Reliance for additional explanation of its decision to deny benefits. On remand, the district court will conduct a *de novo* review of the record, thereby affording Thomas the impartial review she seeks.

## CONCLUSION

Based on our conclusion that the Policy is ambiguous, we reverse the district court's grant of Reliance's motion for summary judgment and remand this case for *de novo* consideration of Thomas' claim by the district court. Upon remand, Thomas is not entitled to a jury trial because the remedy she seeks is equitable in nature. We leave to the district court's discretion, however, the decision whether to consider additional evidence regarding Thomas' claim.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with the views expressed herein.