Vikki E. DAVIS, Plaintiff–Appellant,

v.

FIRST RELIANCE STANDARD LIFE
INSURANCE COMPANY,
Defendant–Appellee.

No. 06–55429.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed May 8, 2008.

Lisa S. Kantor, Esq., Kantor & Kantor, LLP, Northridge, CA, Russell G. Petti, Esq., Law Offices of Russell G. Petti, La Canada, CA, for Plaintiff–Appellant.

Linda M. Lawson, Meserve, Mumper & Hughes, Los Angeles, CA, Joshua Bachrach, Esq., Rawle & Henderson, LLP, Philadelphia, PA, for Defendant–Appellee.

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Vikki E. Davis appeals the district court's grant of summary judgment to First Reliance Standard Life Insurance Company ("First Reliance") in her action for continued long-term disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

When a district court "engage[s] in the regrettable practice of adopting the findings drafted by the prevailing party wholesale, ... we review the district court's decision with special scrutiny ... to determine whether its findings were clearly erroneous." *Silver v. Executive Car Leasing Long–Term Disability Plan,* 466 F.3d 727, 733 (9th Cir.2006) (internal citations and quotation marks omitted). We review a district court's decision to exclude evidence from the record for abuse of discretion. *Id.* at 732 n. 2. A district court abuses its discretion by applying an incorrect legal standard. *Thurman Industries, Inc. v. Pay 'N Pak Stores, Inc.,* 875 F.2d 1369, 1378 (9th Cir.1989).

Here, the district court adopted wholesale the findings drafted by the prevailing party. The findings applied the wrong legal standard for reviewing Davis's claim. In its Findings of Fact and Conclusions of Law, the district court held that, when conducting a de novo review of First Reliance's denial of continuing benefits, it was required to "limit its review to the Administrative Record as it existed at the time that First Reliance Standard made its final determination." This is a misstatement of clearly established Ninth Circuit law. *See Thomas v. Oregon Fruit Products Co.,* 228 F.3d 991, 997 (9th Cir.2000) (holding that the district court has discretion to consider additional evidence); *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1091 (9th Cir.1999) (en banc) (holding that the district court did not abuse its discretion, on *de novo* review, by limiting review to the evidence before the administrator). Our precedent instead encourages a district court, in its discretion, to consider additional evidence "when circumstances clearly establish that additional evidence is necessary to conduct

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

an adequate *de novo* review of the benefit decision." *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943–44 (9th Cir.1995). In the circumstances of this case, the additional evidence from Davis's treating physicians clarified their assessments of Davis's condition. The additional vocational expert report refuted the information in the disability forms used by First Reliance and the vocational expert report relied upon by First Reliance.

The district court also held that the Social Security Administration award is not binding upon First Reliance. While this is a correct statement of the law, it ignores this Court's holdings that a district court may consider the Social Security Administration's determination of disability in reviewing a plan administrator's determination of benefits. *See Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1285 (9th Cir. 1990). While an award by the Social Security Administration does not establish that First Reliance's decision to terminate benefits was error, the award and Davis's medical records are findings consistent with a disability.

First Reliance argues that the district court's application of an incorrect legal standard was not prejudicial because the district court did consider some additional evidence. We disagree. We cannot determine whether the application of the wrong legal standard prejudiced Davis from the record before us. This record demonstrates that the district court was confused about what evidence to consider. From the bench at the hearing, the district court appears to have considered some of the additional evidence. Yet, in its written Findings of Fact and Conclusions of Law, it claimed it could only review the prior administrative record. We have held that written findings supersede oral statements

made by the district court. *See White v. Washington Public Power Supply System*, 692 F.2d 1286, 1289 n. 1 (9th Cir.1982). Thus, we cannot consider the district court's contradictory oral findings. Based on this record, we cannot say that the district court's erroneous failure to consider additional evidence was not an abuse of discretion.

REVERSED AND REMANDED.